WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

FILED
08 JUL -2 PM 3:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. '08 CV 1179 DMS BLM<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453 (b)**<br><br>State Court Complaint Filed: May 23, 2008 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that Defendant Sony Electronics Inc. ("Sony" or the "Company") hereby removes to this Court the action originally filed in the Superior Court of California in the County of San Diego. The grounds for this removal are:

**SUMMARY OF COMPLAINT AND BASIS FOR FEDERAL JURISDICTION**

1. This action arises out of the sale by Sony of its VAIO PCG notebook computers. Plaintiff alleges claims for relief based on alleged unfair competition, false and misleading advertising, breach of warranty, and negligence. Plaintiff brings this action as a putative class action, identifying a class of *all persons or entities* who purchased Sony VAIO PCG Notebooks *in California*. Plaintiff's purported class definition is:

/////

> "***All persons or entities*** who purchased Sony Vaio PCG laptops in the PCG series, ***in California*** during the four years prior to the initiation of this action up to and including the date of certification of this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCC laptops." See Complaint, ¶ 15 (emphasis added).[1]

2. This same plaintiff filed a nearly-verbatim lawsuit on April 10, 2008. In this earlier suit, Plaintiff purported to represent a nationwide class of *"All persons or entities who purchased Sony VAIO PCG laptops in the PCG series,* ***in the United States****. . . ,"* and alleged identical claims and an identical defect in the identical VAIO notebooks at issue in this case. Sony removed this previous case to federal court on April 25, 2008 and plaintiff dismissed the case without prejudice less than one month later. Plaintiff's current suit represents an effort to plead around federal court jurisdiction.

3. This Court has original jurisdiction over this action based on the satisfaction of diversity-of-citizenship and amount-in-controversy requirements applicable to class actions pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act (CAFA). The diversity-of-citizenship requirement is satisfied because at least one member of the putative class is a citizen of a state different from at least one defendant. While Sony disputes the damages allegations, the amount-in-controversy requirement is satisfied because plaintiff seeks aggregate relief for the individual members of the putative class in excess of $5,000,000, exclusive of interest and costs. *Id.* § 1332(d)(6).

## TIMELY REMOVAL

4. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is "filed within 30 days after the receipt by (Sony), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5. On May 23, 2008, Plaintiff Maria Contreras commenced this action by filing in the

[1] Plaintiff also alleges a so-called "alternative" class, purportedly consisting of California persons or entities who purchased Sony VAIO PCG Notebooks in California. The significance of this "alternative" class is unclear, as Sony is aware of no authority that suggests it should be factored into a removal analysis, particularly where—as here—the "alternative" class is a subset of the primary class alleged. Accordingly, Sony regards this "alternative" class as a nullity for purposes of this removal petition.

Superior Court of the State of California, for the County of San Diego, a complaint captioned MARIA CONTRERAS, individually and on behalf of all others similarly situated and the general public, Plaintiff v. SONY ELECTRONICS, INC., and Does 1 through 10, inclusive, Defendants (the "Complaint"). The action was designated as San Diego Superior Court Case No. 37-2008-00084650-CU-BC-CTL. On June 2, 2008, the Complaint, Summons, Notice of Case Assignment and Civil Cover Sheet were personally served on Sony. Attached as Exhibits A – D are copies of these documents which constitute "all process, pleadings, and orders" plaintiff filed in the San Diego Superior Court action.

6. Pursuant to 28 U.S.C. § 1446(d), Sony is filing a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, and serving Plaintiff with the Notice of Removal.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. 1332(d)(2)**

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Sony may remove this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b) because it is a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Furthermore, approximately sixty-four (64%) of the putative class members are citizens of a state different from the defendant.

**DIVERSITY OF CITIZENSHIP**

8. The Complaint alleges that Plaintiff Maria Contreras purchased a VAIO PCG-K37 notebook in January 2005 in California. *See* Compl. ¶ 9.

9. Sony was at the time of the commencement of this action, and still is, a Delaware corporation with its principal place of business in San Diego, California.

10. Plaintiff brings this action individually and as a representative of a putative class described *supra* at Paragraph 1.

11. Because the alleged class includes "all persons or entities" who purchased VAIO PCG Notebooks in the PCG Series in California, it satisfies the diversity-of-citizenship test set forth in section 1332(d)(2)(A). This alleged class is believed to consist of putative plaintiffs who

are citizens of all fifty states because there are persons and entities from numerous states who purchased Sony VAIO PCG notebooks in the PCG series *in California* (i) online through Sony's web-site, and (ii) by telephone. The majority of the putative class members are therefore citizens of a state different from the defendant because Sony is only a citizen of the states of Delaware and California.

12. The putative class includes numerous non-California citizens because purchases made through Sony's website and by telephone take place in California, regardless of where the purchaser resides. This is because Sony maintains its principal place of business and headquarters in California, and because Sony ships all notebooks purchased online or by telephone from California. *See Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1115 (C.D. Cal. 2007) ("a consumer good that is sold and shipped from California to another state pursuant to a shipment contract is "sold in California" for purposes of the Song-Beverly Act. . . ."); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1142 (C.D. Cal. 2005) (holding that computer purchased online and shipped to California was not purchased in California but in Minnesota where retailer was headquartered); *California State Electronics Ass'n v. Zeos Int'l. Ltd.*, 41 Cal. App. 4th 1270, 1277 (1996) (holding that Song-Beverly Act claim failed because title did not pass where plaintiff had the mail order shipped but where defendant was headquartered).

13. Equally important, Sony's "terms and conditions" of internet sales substantiate that all online sales are made in California. These terms provide that (i) title to products passes from Sony to the buyer upon shipment from Sony's facility, and (ii) the consumer bears the risk of loss when the products are in transit. Online purchases therefore occur in California, the location from which Sony ships the notebooks. *See* Cal.U.C.C. § 2106 (1) ("A sale consists in the passing of title from the seller to the buyer for a price.") Therefore, over eighty percent (80%) of VAIO PCG notebooks sold over the internet are purchased *in California* by non-California residents.

14. In fact, Sony's sales data shows that only thirty-six percent (36%) of VAIO PCG notebook purchases in California are made by California residents. In addition to internet and telephone sales, these include purchases by Californians in retail outlets located inside the state. The remaining sixty-four percent (64%) of all VAIO PCG notebooks sold in California are

purchased by non-California residents.

15. To summarize, sales data shows that nearly two-thirds of all VAIO PCG notebooks sold in California are sold to citizens of states where Sony is not also a citizen. This Court therefore has original jurisdiction over this putative class action under 28 U.S.C. § 1332(d)(2)(A).

**AMOUNT-IN-CONTROVERSY**

16. The amount-in-controversy requirement of section 1332(d)(2) is satisfied because Plaintiff seeks, *inter alia*, restitution and disgorgement of all amounts obtained by Sony in the sale of VAIO PCG notebooks; actual and/or statutory damages for injuries suffered by Plaintiff and the Class; and punitive damages. Plaintiff alleges that "Vaio PCG laptops are typically priced in the $1,500 - $2,500 range." Compl. ¶¶ 20-21. Even at the lowest sale price alleged, the class size would only need to consist of 3,333 members to reach the threshold $5,000,000 requirement. According to Plaintiff, however, "the members of the Class are so numerous that joinder of all members would be impractical." Compl. ¶ 16. Indeed, Plaintiff estimates that there are "many thousands of purchasers of the Vaio PCG laptops." *Id.* The amount in controversy therefore exceeds the sum of $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(6).

17. Moreover, Plaintiff alleges that she is entitled to an order that Sony "cease its wrongful conduct" and "correct the defects in the Laptops." *See* Compl. "Prayer for Relief" ¶ D. These forms of relief would impose upon Sony substantial additional costs of compliance. *See BEM I, LLC v Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (cost to defendant of complying with injunctive relief may be considered in determining amount-in-controversy for purposes of removal); *In re Ford Motor Company/Citibank (So. Dakota), N.A.*, 264 F.3d. 952, 958 (9th Cir. 2001) ("the test for determining the amount-in-controversy is the pecuniary result to either party which the judgment would directly produce"). This additional requested equitable relief further establishes that the amount-in-controversy exceeds $5,000,000.

/////

/////

**THE COURT SHOULD EXERCISE ITS DISCRETION TO ACCEPT JURISDICTION**

18. Section 1332(d)(3) states that a Court may in its discretion exercise jurisdiction over a putative class action where greater than one-third but less than two-thirds of the members of a plaintiff's proposed class (in the aggregate) are citizens of the state in which the action was originally filed based on a number of enumerated factors. 28 U.S.C. § 1332(d)(3)(A)-(F).

19. In this case, Plaintiff purports to represent a class that includes citizens of all fifty states. Further, sixty-four percent (64%) of the putative class is comprised of non-California citizens. This falls just three percent (3%) short of two-thirds of the class, the point at which the Court's exercise of jurisdiction is no longer discretionary. *See* 28 U.S.C. § 1332(d)(3). The extent to which the putative class is comprised of non-California citizens therefore weighs heavily in favor of retaining jurisdiction. In addition, consideration of the factors set forth in section 1332(d)(3) further supports the exercise of federal jurisdiction over this action under CAFA.

20. *First*, the claims asserted involve matters of national or interstate interest. 28 U.S.C. § 1332(d)(3)(A). Plaintiff purports to represent similarly situated individuals throughout the United States in bringing claims against Sony for failing to properly manufacture its notebooks and for engaging in unfair, deceptive, and misleading advertising and business practices. Under these circumstances, Plaintiff's claims clearly implicate interstate commerce. The interests of putative plaintiffs in many states will be affected if Plaintiff is ultimately successful in her petition to certify this case as a class action.

21. *Second*, Plaintiff has pleaded her class action in a manner that seeks to avoid Federal jurisdiction. 28 U.S.C. § 1332(d)(3)(C). Plaintiff purports to represent a class of all "persons or entities who purchased Sony Vaio PCG laptops in the PCG series *in California*," a class that is limited only by the point of purchase—California. This class, however, as discussed above, contains a significant number of non-California citizens, and therefore Plaintiff's inartful attempt to avoid Federal jurisdiction by alleging that she only represents persons or entities who purchased VAIO PCG notebooks *in California* is exposed. 28 U.S.C. § 1332(d)(3)(C).

22. *Third*, Plaintiff and her counsel, less than 3 months ago, filed an action that was removed to this court, which contained identical claims regarding the identical alleged defect in the Sony VAIO PCG notebooks. 28 U.S.C. § 1332(d)(3)(F). After removal the case was dismissed.

WHEREFORE, Sony hereby removes this action now pending against it in the Superior Court of the State of California, County of San Diego, to this honorable Court.

Dated: July 2, 2008

DLA PIPER US LLP

By ____________________

BRIAN A. FOSTER
Attorneys for Defendant
SONY ELECTRONICS INC.

EXHIBIT A

HOUMAN FAKHIMI, ESQ.
C.S.B. No.: 195638
**FAKHIMI & ASSOCIATES**
3 Hutton Centre Drive, Suite 620
Santa Ana, California 92707
Tel.: (714) 542-2188
Fax: (714) 542-3119

Attorney for Plaintiff MARIA CONTRERAS appearing individually and on behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all others similarly situated, and the general public<br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>STATE WIDE CLASS ACTION<br><br>**COMPLAINT FOR:**<br>**(1) Violation of Unfair Competition Law**<br>**(2) Violation of False Advertising Law**<br>**(3) Violation of the CLRA**<br>**(4) Breach of Express and Implied Warranties**<br>**(5) Violation of Song-Beverly Warranty Act**<br>**(6) Unjust Enrichment/Restitution**<br>**(7) Negligence**<br><br>**Jury Trial Demanded** |

Plaintiff, MARIA CONTRERAS ("Plaintiff" or "Contreras) brings this action against Defendant, Sony Electronics Inc., ("Sony" or "Defendant"), on behalf of herself and all others similarly situated, and alleges upon information and belief, except for matters within her own personal knowledge, as follows:

## OVERVIEW

1. Plaintiff brings this action to obtain damages, restitution, and injunctive Relief, individually and on behalf of the proposed classes defined below ("Classes").

2. As alleged more fully below, Sony manufactured, distributed and sold within the the State of California Sony Vaio laptop computers in the PCG series (the "Vaio PCG laptops" or "Laptops") which include significant defects that impair the value of the Laptops and that may lead to the malfunction and destruction of major components in the Laptops. On information and belief, the defects in the Vaio PCG laptops extend to other series or models of Sony laptops as well, and plaintiff expressly reserves the right to amend this Complaint to include such other series or models at the appropriate time.

3. Based on information and belief, Sony concealed and failed to disclose material facts regarding the Vaio PCG laptops, including defects that cause the Vaio PCG laptops to fail at an abnormally high rate and to be unusable in the manner and to the extent to which they were advertised. Furthermore, Sony has advertised the Laptops in a false and misleading manner by concealing and failing to disclose such defects.

4. On information and belief, Sony was aware, prior to or during the manufacturing, distribution and sales of the Vaia PCG laptops that the product's power cord connection slots were defective and would cause, even with normal use, a substantial number of the Vaio PCG


EXHIBIT A PAGE 9

laptops to shut down, not charge their batteries, and short circuit the motherboard, requiring expensive repairs.

5. Sony has refused, and continues to refuse, either to warn consumers about the defects inherent in the Vaio PCG laptops or to correct the problems and defects inherent in the Vaio PCG laptops.

6. As a result of Sony's concealment of the defects, false advertising and failure to warn, Plaintiff and members of the Classes purchased thousands of Vaio PCG laptops in California, and have suffered, and continue to suffer, loss of money and property as a result of Defendants' business practices and other conduct.

7. As alleged below, Plaintiff asserts claims on behalf of herself and the Classes under (i) the Unfair Competition Law ("UCL" or "Section 17200"), Business and Professions Code §§ 17200 *et seq.*, (ii) the False Advertising Law ("FAL" or "Section 17500"), Business and Professions Code §§ 17500 *et seq.*, (iii) the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*, (iv) breach of express and implied warranties, (v) Song-Beverly Warranty Act, Civil Code § 1790 et seq., (vi) unjust enrichment/restitution, and (vii) negligence.

8. Plaintiff seeks actual damages, restitution, disgorgement, injunctive and equitable relief, including the replacement and/or recall of the defective laptops, costs and expenses of litigation, including attorney's fees, and all additional and further relief as may be appropriate.

## THE PARTIES

9. Plaintiff Contreras is a resident of the State of California who resides in Orange County, California. Plaintiff Contreras purchased a Vaio PCG-K37 laptop in January of 2005 from a Fry's Electronics store in Santa Ana, California. As described below, Contreras has experienced problems with the Laptop, including the complete failure of the Laptop and loss of

the original motherboard, and as a result she has been forced to incur additional expense for repairs.

10. On information and belief, Defendant Sony is a corporation with its principal place of business San Diego County, California. Sony is one of the world's leading manufacturers and sellers of computer-related products and other technology products. Sony's products are purchased by consumers in ever county of the State of California.

11. Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 10, inclusive, and, for that reason, said Defendants are sued under such fictitious names. Plaintiff is informed and believes and, based thereon, alleges that each of said fictitious Defendants is and was responsible in some manner for the injuries complained of herein. Plaintiffs will seek leave to amend to name and serve such fictitiously named Defendants pursuant to Code of Civil Procedure Section 474 once their identities become known.

12. Plaintiffs are informed and believe and, based thereon, allege that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiffs are informed and believe and, based thereon, allege that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts complained of herein. Defendants are therefore jointly and severally liable for the injuries complained of herein.



EXHIBIT A PAGE 11

## JURISDICTION AND VENUE

13. This action is brought to remedy Sony's violations of state consumer protection and warranty statutes based upon the design, manufacture, distribution, marketing, sale, advertisement and customer service of the Vaio PCG laptops.

14. This Court has subject matter jurisdiction over this class and representative action pursuant to Business and Professions Code §§ 17200 *et seq.*, Business and Professions §§ 17500 *et seq.*, Civil Code §§ 1750 *et seq.*, and Code of Civil Procedure § 382. Venue is proper in this judicial district because Defendant maintains its executive offices and principal place of business in this County, Defendants, conducts substantial business within this County, many of the acts described in this Complaint occurred in and/or were directed from this judicial district, and defending an action here would pose no undue burden on Defendant.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action pursuant to Code of Civil Procedure Section 382 and Civil Code Section 1781, on behalf of herself and the following Class (hereinafter "The Class"):

> All persons or entities who purchased Sony Vaio PCG laptops in the PCG series, in California during the four years prior to the initiation of this action up to and including the date of certification of this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCG laptops.

In the alternative, Plaintiff brings this action as a class action pursuant to Code of Civil Procedure Section 382 and Civil Code Section 1781, on behalf of herself and the following Class (hereinafter, "the California Class"):

All California persons or entities who purchased Sony Vaio PCG laptops in the PCG series, in the State of California during the four years prior to the initiation of this action up to and including the date of certification of this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCG laptops.

Plaintiff reserves the right to amend these Class definitions when and if appropriate.

16. The members of the Classes are so numerous that jonder of all members would be impracticable. Plaintiff estimates that there are many thousands of purchasers of the Vaio PCG laptops in California.

17. Questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including:

(a) Whether the Vaio PCG laptops fail at unacceptably high rates, are defectively designed or manufactured, and are not of merchantable quality;

(b) Whether Sony made false or misleading statements to the Classes concerning the defects in the Vaio PCG laptops;

(c) Whether Sony knew, or was reckless in not knowing, that its statements about the performance and reliability of the Vaio PCG laptops were false or misleading;

(d) Whether Sony concealed from the Class that the Vaio PCG laptops fail at unacceptably high rates, are defectively designed or manufactured, and are not of merchantable quality;

(e) Whether Sony's false or misleading statements of fact, and its concealment of material facts, regarding the performance and reliability of the Vaio PCG laptops were likely to deceive the public;



EXHIBIT A PAGE 13

(f) Whether, by virtue of the misconduct set forth in this Complaint, Sony has engaged in a unfair, deceptive or unlawful business practices with respect to the Vaio PCG laptops;

(g) Whether, by virtue of the misconduct set forth herein, Sony has engaged in unfair, deceptive, untrue, or misleading advertising of the Vaio PCG laptops;

(h) Whether, by its conduct, Sony violated the Consumer Legal Remedies Act, the Song-Beverly Act and implied warranties;

(i) Whether Sony has breached its implied warranties to Plaintiff and the Classes; and

(j) Whether, as a result of Defendants' misconduct, Plaintiff and the Classes are entitled to damages, restitution, injunctive relief, equitable relief and/or other relief, and, if so, the nature and amount of such relief.

18. Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff has no interests antagonistic to those of the Classes and is subject to no unique defenses.

19. Plaintiff will fairly and adequately protect the interests of the Classes and has retained attorneys experienced in class and complex litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

(a) It is economically impractical for members of the Classes to prosecute individual actions;

(b) The Classes are readily ascertainable;

(c) Prosecution as a class action will eliminate the possibility of repetitious litigation; and

(d) A class action will enable claims to be handled in an orderly and expeditious manner, saving time and expense and ensuring uniformity of decisions.

21. Certification of such the Classes under the laws of California is appropriate because:

(a) Sony is a corporation conducting substantial business in and from California;

(b) Sony's principal executive offices, as well as its corporate headquarters, are located in California;

(c) Sony's marketing, promotional activities and literature are coordinated at, emanate from, and/or are developed at its California headquarters;

(d) The UCL and FAL claims asserted in this Complaint may be maintained by out-of-state Class members regarding false advertising and unfair/deceptive business practices emanating from the State of California; and

(e) A significant number of Class members reside in the State of California.

## SUBSTANTIVE ALLEGATIONS

22. Sony represented and advertised the Vaio PCG laptops as being good quality and reliable products fit for consumer use. The Vaio PCG laptops are typically priced in the $1,500-$2,500 range. Plaintiff's experiences, mirroring those of thousands of other Class members who purchased Laptops from the Vaio PCG laptop series, demonstrate that Sony's representations and advertising about the quality and reliability of the Vaio PCG laptops were untrue.

23. Plaintiff purchased a Vaio PCG-K37 laptop for approximately $1,700 from a Fry's store in Santa Ana California in January of 2005.

24. More than a year after Plaintiff purchased her Vaio PCG laptop, the battery inside her Laptop ceased charging. Sometime thereafter, the power cord slot in the Laptop caused a "short circuit" which burned the motherboard, thereby rendering the Laptop useless.

25. Plaintiff eventually sent the Laptop to a computer repair business. On information and belief, the computer repair business has developed a niche specialty repairing this defect in the PCG Laptop, inasmuch as numerous consumers have experienced precisely the same defect. On information and belief, a representative of the computer repair business has contacted Sony and been advised that Sony would not provide any assistance in connection with the repair or correction of the defects in the Laptop.

26. On information and belief, thousands of consumers in California have suffered the same or similar damages and losses as Plaintiff with the Vaio PCG laptops.

27. On information and belief, Sony has misrepresented and concealed the defects in the Vaio PCG laptops by falsely denying the existence of the defects.

26. To date, Sony has failed and refused to take any effective action to remedy or correct the defects in the Vaio PCG laptops. Defendant has also failed and refused to warn and notify Plaintiff and the other members of the Classes regarding the Laptop defects.

27. The harm caused by Defendants' misconduct grossly outweighs any benefit that could be attributed to them. Unless remedied, Defendants' ongoing misconduct will result in continued loss of money and property by members of the Classes.

## FIRST CAUSE OF ACTION

**Violations of Unfair Competition Law**
**(Bus. & Prof. Code § 17200 et seq.)**

**(Against All Defendants)**

28. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

29. Plaintiff brings this cause of action on behalf of herself and the Classes.

30. Defendants have engaged in unfair, unlawful, and fraudulent business practices as set forth above.

31. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business and Professions Code § 17200 *et seq.*

32. Defendants' acts and practices have furthermore deceived and/or are likely to deceive members of the consuming public and therefore constitute fraudulent or deceptive business practices under Business and Professions Code § 17200 *et seq.*

33. Defendants' acts and practices are also unlawful under Business and Professions Code § 17200 *et seq.* because they violate Civil Code §§ 1572, 1709, 1710, 1750 *et seq.*, 1770(a)(5), 1770(a)(7), and 1770(a)(9). Defendants' acts and practices are additionally unlawful because they constitute false advertising in violation of Business and Professions Code § 17500 *et seq.* Specifically, Defendant Sony falsely advertised and marketed the Vaio PCG laptops as being good quality and reliable, and deceptively failed to disclose the above-described defects. Defendants' acts and practices are similarly unlawful because they violate the Song-Beverly Consumer Warranty Act, Civil Code § 1790 *et seq.* The acts are also unfair as they result in

Defendants being enriched at the expense of buyers of their products who have no idea that the product is not fit for the purpose sold and that it will cost them (buyers) hundreds of dollars in addition to the original value paid.

34. Plaintiff, on behalf of herself and the Classes seeks an order of this Court awarding restitution, disgorgement, injunctive and equitable relief, and any and all other relief allowed under Section 17200 *et seq*., together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine.

**SECOND CAUSE OF ACTION**

**False Advertising Law**
**(Violation of Bus. & Prof. Code § 17500 et seq.)**

**(Against All Defendants)**

35. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

36. Plaintiff brings this cause of action on behalf of herself and the Classes.

37. Beginning in or before January 2005, Sony engaged in advertising and marketing to the public and offered for sale Vaio PCG laptops throughout California.

38. Sony has engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of Vaio PCG laptops.

39. Sony's advertisements and marketing representations regarding the technical and other characteristics of Vaio PCG laptops are false, misleading, and deceptive, as set forth more fully above.

40. At the time it made and disseminated the statements alleged herein. Sony knew of should have known that the statements were untrue or misleading and acted in violation of Business and Professions Code §§ 17500 *et seq.*

41. Sony actively concealed its knowledge that Vaio PCG laptops contained design or manufacturing defects.

42. Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, disgorgement, injunctive and equitable relief, and any and all other relief allowable under Section 17500 *et seq.*, together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine.

**THIRD CAUSE OF ACTION**

**(Violation of CLRA)**

**(Against All Defendants)**

43. Plaintiff alleges and incorporates the above allegations by reference as if set forth fully herein.

44. This claim arises under the Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750 *et seq.*

45. At all times relevant hereto, Plaintiff and the other members of the Classes were "consumers" as that term is defined in Civil Code § 1761(d).

46. At all times relevant hereto, Sony's Vaio PCG laptops constituted "goods" as that term is defined in Civil Code § 1761(a).

47. At all times relevant hereto, Defendants constituted "persons" as that term is defined in Civil Code § 1761(c).

48. At all times relevant hereto, the purchases of Sony's Vaio PCG laptop by Plaintiff and the other members of the Classes constituted "transactions" as that term is defined in Civil Code §1761(e).

49. At all times relevant hereto, Defendants provided "goods" to Plaintiff and the other members of the Classes within the meaning of Civil Code § 1761(a).

50. The CLRA provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5) Representing that goods...have...approval, characteristics, uses, benefits...which they do not have, (7) Representing that goods...are of a particular standard, quality or grade...if they are of another, (9) Advertising goods...with intent not to sell them as advertised." Civil Code §§ 1770(a)(5),(7) and (9).

51. Defendant Sony made, and continues to make, uniform written representations that the Vaio PCG laptop is a high quality product that will perform as represented. These representations, as set forth above, were false, deceptive and/or misleading and were in violation of the CLRA.

52. Civil Code § 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770, and this Plaintiff is hereby seeking such injunction to prevent further illegal conduct by Sony.

53. Plaintiff has sent a notice to Sony pursuant to Civil Code § 1782 and Sony has failed to comply with the Code's requirements. Plaintiff and the Classes are therefore entitled to damages and restitution under the Code



EXHIBIT A PAGE 20

54. Plaintiff and the Classes are also entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.



EXHIBIT A PAGE 21

## FOURTH CAUSE OF ACTION

**(Breach of Express and Implied Warranties)**

**(Against All Defendants)**

55. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

56. Sony impliedly represented and warranted that the Laptops were free of defects, merchantable, and fit for their intended purpose. Sony also expressly represented and warranted through its advertising that the Laptops were of good quality and reliable

57. Sony breached these express and implied representations and warranties. Sony made and/or allowed these representations and warranties to be made with the intent of inducing Plaintiff and other members of the Classes to purchase the Laptops. If the Plaintiff and the members of the Classes had known the true facts, they would not have purchased Laptops or paid as much as they did for them.

58. By virtue of its knowledge of the defects and of complaints made by Plaintiff and other members of the Classes, Sony has received notice of breach of its express and implied warranties.

59. Contractual privity, if required, exists between Sony, on the one hand, and Plaintiff and the other members of the Classes, on the other hand, inasmuch as, *inter alia*: (i) Sony had direct communications with members of the Classes with respect to the Laptop through television, newspaper, internet, magazine advertisement; (ii) dealers that sold the Laptops are agents, in law or fact, of Sony; (iii) Sony has entered into contracts with members of the Classes in connection with assurance of "limited" warranties; (iv) Plaintiff and other members of the

Classes are third-party beneficiaries of warranties that ran from Sony to its dealers or distributors such as Fry's.

60. In addition, Sony has received, on information and belief, numerous complaints and other notices from its customers worldwide advising Sony of the defects in the Vaio PCG laptops, including complaints from members of the Classes. Despite this notice and Sony's knowledge, Sony refuses to honor its express and implied warranties, even though it knows of the defects in the Vaio PCG laptops.

61. As result of Sony's breach of express and implied warranties, Plaintiff and the Classes have suffered damages in an amount to be determined at trial, and they are entitled to recover compensatory damages, together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine. Plaintiff and the Classes are furthermore entitled to injunctive or equitable relief.

**FIFTH CAUSE OF ACTION**

**Violation of Song-Beverly Warranty Act**
**(Civil Code §§ 1790 et seq.)**

**(Against All Defendants)**

62. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

63. The Vaio PCG laptops are "consumer goods" within the meaning of Civil Code § 1791(a).

64. Sony's implied warranties of merchantability and fitness arose out of sales of the Vaio PCG laptops to Plaintiff and the rest of the Classes. Similarly, Sony made express



EXHIBIT A PAGE 23

representations and warranties that the Laptops were of good quality and reliable, through its advertising.

65. As more fully set forth above, Sony has failed to comply with its obligations under its express and implied warranties.

66. Plaintiff and the Class have suffered and will continue to suffer damages as a result of Sony's failure to comply with its warranty obligations. Accordingly, Plaintiff and all Class members are entitled to recover damages under the Song-Beverly Consumer Warranty Act, including damages, pursuant to Civil Code §§ 1791.1(d) and 1794. Plaintiff and the Classes are furthermore entitled to injunctive or equitable relief.

**SIXTH CAUSE OF ACTION**

**(Unjust Enrichment/Restitution)**

**(Against All Defendants)**

67. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

68. Defendant Sony marketed, advertised and/or promoted the Laptops as merchantable, free of defect, and fit for the ordinary purpose for which they were to be used.

69. Defendant accepted payments received from Plaintiff and other members of the Classes for the purchase of the Laptops.

70. Plaintiff and other Class members did not receive Laptops that were free of defect, fit for the ordinary purpose for which they were sold.

71. It would be unjust for Defendants to retain possession of money received from Plaintiff and the Classes, in light of Defendants' misconduct, inasmuch as Plaintiff and other members of the Classes did not in fact receive products that were merchantable, free of defect,

and fit for the ordinary purpose for which they were being sold. As a result, Plaintiffs and the Classes are entitled to receive restitution of payments made for the purchase of the Laptops, together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine.

**SEVENTH CAUSE OF ACTION**

**(Negligence)**

**(Against All Defendants)**

72. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

73. The Laptops were defectively designed or manufactured.

74. While Sony was manufacturing, distributing or selling the Laptops, it was aware, or reasonablly should have been aware, of the foreseeable risk of damage associated with the use of the Laptop.

75. Sony had a duty to disclose to the consuming public then foreseeable risks associated with operation of the Laptops. Sony further had a duty not to place defective products into the marketplace.

76. Sony breached its duties to Plaintiff and other Class members by allowing the sale of a defective product and by not warning the consumers of the risks associated with the normal use of the same.

85. As a result of the foregoing, Plaintiff and Class Members have suffered damages that were directly and proximately caused by the defective Laptops and are entitled to damages in an amount to be determined at trial, together with interest and attorneys' fees and costs pursuant

to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine. Plaintiff and the Classes are furthermore entitled to injunctive or equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants for as follows:

A. An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Classes;

B. Restitution and disgorgement of all amounts obtained by Sony as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations (except for the CLRA cause of action);

C. Actual and/or statutory damages for injuries suffered by Plaintiff and the Classes in the maximum amount permitted by applicable law (except for the CLRA cause of action);

D. An order requiring Sony to cease its wrongful conduct as set forth above and correct the defects in the Laptops;

E. Reasonable attorneys' fees and the costs of prosecuting this action;

F. Pre-judgment interest; and

G. Such other relief as this Court may deem just and proper.

Dated: May 23, 2008

FAKHIMI & ASSOCIATES

Houman Fakhimi, Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all triable issues in the above-entitled action.

Dated: May 23, 2008

FAKHIMI & ASSOCIATES

Houman Fakhimi, Attorney for Plaintiff

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SONY ELECTRONICS, INC., and Does 1 through 10 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA CONTRERAS, Individually and on Behalf of All Others Similarly Situated and the General Public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, San Diego
220 W Broadway,

San Diego, CA 92112
Central Division

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Houman Fakhimi, CSB 195638 714-542-2188
Fakhimi & Associates
3 Hutton Centre Dr, Suite 620
Santa Ana, CA 92707

DATE: Clerk, by ____________________, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SONY ELECTRONICS

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 6/2/08

COPY

EXHIBIT C

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 685-6148

PLAINTIFF(S) / PETITIONER(S): Maria Contreras

DEFENDANT(S) / RESPONDENT(S): Sony Electronics, Inc

CONTRERAS VS. SONY ELECTRONICS, INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00084650-CU-BC-CTL |
|---|---|

Judge: Richard E. L. Strauss

Department: C-75

**COMPLAINT/PETITION FILED:** 05/28/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00084650-CU-BC-CTL CASE TITLE: Contreras vs. Sony Electronics, Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| PLAINTIFF(S): Maria Contreras | |
| DEFENDANT(S): Sony Electronics, Inc | |
| SHORT TITLE: CONTRERAS VS. SONY ELECTRONICS, INC | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2008-00084650-CU-BC-CTL |

Judge: Richard E. L. Strauss Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

______________________

______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________ Date: ______________________

______________________ ______________________
Name of Plaintiff Name of Defendant

______________________ ______________________
Signature Signature

______________________ ______________________
Name of Plaintiff's Attorney Name of Defendant's Attorney

______________________ ______________________
Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 05/28/2008 ______________________
JUDGE OF THE SUPERIOR COURT



EXHIBIT C PAGE 32 3

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Houman Fakhimi, CSB 195638
Fakhimi & Associates
3 Hutton Centre Dr, Suite 620
Santa Ana, CA 92707

TELEPHONE NO.: 714-542-2188 FAX NO.:
ATTORNEY FOR *(Name)*: Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92112
BRANCH NAME: Central Division

CASE NAME: Contreras v. SOny

**CIVIL CASE COVER SHEET**
[x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 4
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5-22-08
Hooman Fakhimi
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152586 - MB
* * C O P Y * *
July 02, 2008
15:55:18

Civ Fil Non-Pris
USAO #.: 08CV1179 CIVIL FILING
Judge..: DANA M SABRAW
Amount.: $350.00 CK
Check#.: BC775961

Total-> $350.00

FROM: MARIA CONTRERAS VS SONY, ET AL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public

**DEFENDANTS**
SONY ELECTRONICS, INC., and Does 1 through 10 inclusive

FILED
08 JUL -2 PM 3:53

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
HOUMAN FAKHIMI (Bar. No. 195638)
FAKHIMI & ASSOCIATES
3 Hutton Centre Dr., Suite 620
Santa Ana, CA 92707
714.542.2188

Attorneys (If Known)
BRIAN A. FOSTER (Bar No. 110413)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
619.699.2700

BY: DEPUTY

'08 CV 1179 DMS BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

**Class Action Alleged**

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 U.S.C. § 1453 (b)

Brief description of cause:
Plaintiff alleges causes of action related to defendant's notebook computer products.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**Damages and Equitable Relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

**See Concurrently Filed Notice of Related Cases**

JUDGE T. Whelan / I. Gonzalez / W. Hayes DOCKET NUMBER cv00739 / cv00224 / cv01741

DATE July 2, 2008 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 152586 AMOUNT $350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

MB 07/02/08

American LegalNet, Inc. www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

FILED
08 JUL -2 PM 3:55
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. '08 CV 1179 DMS BLM<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On July 2, 2008, I served the within documents:

**SEE ATTACHED LIST OF DOCUMENTS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Houman Fakhimi, Esq.
FAKHIMI & ASSOCIATES
3 Hutton Centre Drive, Suite 620
Santa Ana, CA 92707
Tel: 714-542-2188
Fax: 714-542-3119

Gregg A. Farley
Law Offices of Gregg A. Farley
11755 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90025
Tel: 310-445-4024
Fax: 310-445-4109

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 2, 2008, at San Diego, California.

Joyce S. Graham

**DOCUMENTS SERVED**

NOTICE OF REMOVAL

CIVIL COVER SHEET

NOTICE OF RELATED CASES

NOTICE OF PARTY WITH FINANCIAL INTEREST

NOTICE OF COMPLIANCE

NOTICE TO PLAINTIFF OF REMOVAL

NOTICE TO STATE COURT OF REMOVAL