WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. 08 CV 01179 DMS(BLM)<br><br>**DEFENDANT SONY ELECTRONICS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date: September 19, 2008<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Hon. Dana M. Sabraw |

**TO: PLAINTIFF MARIA CONTRERAS and COUNSEL OF RECORD HOUMAN FAKHIMI:**

PLEASE TAKE NOTICE that on September 19, 2008 at 1:30 p.m., or at such later date and time as the Court may order, in Courtroom 10 of the above-captioned Court, located at 940 Front Street, San Diego, California 92101-8900, before the Honorable Dana M. Sabraw, Defendant Sony Electronics Inc. ("Sony") will and hereby does move to dismiss Plaintiff's Complaint.

Sony seeks an order dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") and Fed. R. Civ. P. 9(b) ("Rule 9(b)"). This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and accompanying Declaration of Dean Richmond and Request for Judicial Notice in support thereof, all pleadings

and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

Dated: July 21, 2008

DLA PIPER US LLP

By s/ Brian A. Foster
BRIAN A. FOSTER
Attorneys for Defendant

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,

Plaintiff,

v.

SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,

Defendant.

CASE NO. 08 CV 01179 DMS(BLM)

**DEFENDANT SONY ELECTRONICS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Date: September 19, 2008
Time: 1:30 p.m.
Courtroom: 10
Judge: Honorable Dana M. Sabraw

# TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 3

III. Legal Standard under rules 12(b)(6) and 9(b) .......... 4

IV. PLAINTIFF'S UCL, FAL AND CLRA DECEPTION-BASED THEORIES ARE DEFICIENT AS A MATTER OF LAW .......... 6

A. The Daugherty Decision Bars Plaintiff's Claims .......... 6

B. The UCL, FAL, and CLRA Claims Based on Alleged Non-Disclosure Fail Under Daugherty .......... 7

C. Sony's Alleged Representations Are Non-actionable Puffery, And Will Not Support A UCL, FAL or CLRA Claim Based On Alleged Affirmative Misrepresentation .......... 9

D. Plaintiff Cannot State A Claim Under The "Unlawful" or "Unfair" Prongs Of The UCL .......... 11

E. The UCL, FAL, and CLRA Deception-Based Claims Do Not Meet The Heightened Pleading Standard Under Rule 9(b) .......... 12

V. PLAINTIFF'S BREACH OF EXPRESS AND IMPLIED WARRANTY CLAIMS SHOULD BE DISMISSED .......... 13

A. Plaintiff Fails To State A Claim For Breach Of Express Warranty .......... 13

B. Plaintiff Fails To State A Claim For Breach Of Implied Warranty .......... 14

VI. PLAINTIFF'S SONG-BEVERLY WARRANTY ACT CLAIMS SHOULD BE DISMISSED .......... 15

VII. PLAINTIFF'S UNJUST ENRICHMENT/RESTITUTION CLAIM SHOULD BE DISMISSED .......... 15

VIII. PLAINTIFF'S NEGLIGENCE CLAIMS ARE BARRED BY THE ECONOMIC LOSS DOCTRINE .......... 16

IX. CONCLUSION: THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .......... 17

# TABLE OF AUTHORITIES

Page

## CASES

*All West Electronics, Inc. v. M-B-W, Inc.*,
64 Cal. App. 4th 717 (1998) ..... 1

*Anthony v. County of Sacramento, Sheriff's Dept.*,
845 F. Supp. 1396 (E.D. Cal. 1994) ..... 5

*Anunziato v. eMachines, Inc.*,
402 F.Supp.2d 1133 (C.D. Cal. 2005) ..... 1, 10, 13

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*,
459 U.S. 519 (1983) ..... 5

*Atari Corp. v. The 3DO Co.*,
31 U.S.P.Q.2d 1636 (N.D. Cal. 1994) ..... 10

*Aulson v. Blanchard*,
83 F.3d 1 (1st Cir. 1996) ..... 5

*Autohaus, Inc. v. Aguilar*,
794 S.W.2d 459 (Tex. Ct. App. 1990) ..... 10

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988) ..... 4

*Barron v. Reich*,
13 F.3d 1370 (9th Cir. 1994) ..... 5

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007) ..... 4

*Bender v. Rocky Mountain Drilling Assocs.*,
648 F. Supp. 330 (D.D.C. 1986) ..... 12

*Branch v. Tunnell*,
14 F.3d 449 (9th Cir. 1994) ..... 4

*Brothers v. Hewlett-Packard Co.*,
2006 WL 3093685 (N.D. Ca. 2006) ..... 6, 10

*Burr v. Sherwin Williams Co.*,
42 Cal.2d 682 (1954) ..... 1

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336 (9th Cir. 1996) ..... 4

*California Dept. of Toxic Subst. Control v. Payless Cleaners*,
368 F. Supp. 2d 1069 (E.D. Cal. 2005) ..... 3

# TABLE OF AUTHORITIES
**(continued)**

**Page**

*Carrau v. Marvin Lumber and Cedar Co.*,
93 Cal. App. 4th 281 (2001) .......... 13

*Cipollone v. Liggett Group, Inc.*,
505 U.S. 504 (1992) .......... 13

*County of Santa Clara v. Atlantic Richfield Co.*,
137 Cal. App. 4th 292 (2006) .......... 3, 4

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006) .......... passim

*Eminence Capital, LLC v. Aspen, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......... 4

*First Nationwide Savings v. Perry*,
11 Cal. App. 4th 1657 (1992) .......... 3

*Genna v. Digital Link Corp.*,
25 F. Supp. 2d 1032 (N.D. Cal. 1997) .......... 5

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997) .......... 4

*Guerrero v. Gates*,
357 F.3d 911 (9th Cir. 2004) .......... 1

*Haskell v. Time, Inc.*,
857 F. Supp. 1392 (E.D. Cal. 1994) .......... 10

*Hauter v. Zogarts*,
14 Cal.3d 104 (1975) .......... 1, 13

*Hoey v. Sony Elecs., Inc.*,
No. C-07-02106 (N. D. Cal. July 2, 2008 ) .......... 1, 9

*In re General Motors Corp. Anti-Lock Brake Products Liab. Litig.*,
966 F. Supp. 1525 (E.D.Mo. 1997) .......... 10

*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir. 1996) .......... 5

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (2002) .......... 7

*Kennedy v. Baxter Healthcare Corp.*,
43 Cal. App. 4th 799 (1996) .......... 1

*Klein v. Asgrow Seed Co.*,
246 Cal. App .2d 87 (1966) .......... 13

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*Lectrodryer v. SeoulBank*,
77 Cal. App. 4th 723 (2000) ....... 2

*Levine v. Diamanthuset, Inc.*,
950 F.2d 1478 (9th Cir. 1991) ....... 4

*Long v. Hewlett-Packard Co.*,
2007 WL 2994812 (N.D. Cal. July 27, 2007) ....... 9, 10

*Melchoir v. New Line Productions, Inc.*,
106 Cal. App. 4th 779 (2003) ....... 2

*Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*,
404 F. Supp. 2d 1214 (E.D. Cal. 2005) ....... 12

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) ....... 5

*Neilson v. Union Bank of California, N.A.*,
290 F. Supp. 2d 1101 (C.D. Cal. 2003) ....... 12

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008) ....... 8, 9

*Osborne v. Subaru of America, Inc.*,
198 Cal. App. 3d 646 (1988) ....... 1

*Ove v. Gwinn*,
264 F.3d 817 (9th Cir. 2001) ....... 5

*People v. Orange County Charitable Services*,
73 Cal. App. 4th 1054 (1999) ....... 7

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
102 P.3d 268 (Cal. 2004) ....... 3

*Seely v. White Motor Co.*,
403 P.2d 145 (Cal. 1965) ....... 3

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1985) ....... 12

*SmileCare Dental Group v. Delta Dental Plan of California, Inc.*,
88 F.3d 780 (9th Cir. 1996) ....... 4

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....... 4, 5

*Summit Technology, Inc. v. High-Line Medical Instruments, Co.*,
933 F. Supp. 918 (C.D. Cal 1996) ....... 10

## TABLE OF AUTHORITIES
**(continued)**


**Page**

*U.S. Roofing, Inc. v. Credit Alliance Corp.*,
228 Cal. App. 3d 1431 (1991) ........ 1

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........ 5

*Western Mining Counsel v. Watt*,
643 F.2d 618 (9th Cir. 1981) ........ 4, 5

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ........ 7

Cal. Bus. & Prof. Code § 17500 ........ 7

Cal. Civ. Code § 1750 ........ 2

Cal. Civ. Code § 1770 ........ 7

Cal. Civ. Code § 1770(a) ........ 7

Cal. Civ. Code § 1790 ........ 2

Cal. Civ. Code § 1791.1(c) ........ 1

Cal. Civ. Code § 1791.2(a)(1) ........ 2

Cal. Civ. Code § 1794(a) ........ 2

Fed. R. Civ. P. 9(b) ........ 2, 5, 6, 12

Fed. R. Civ. P. 12(b)(6) ........ 4, 5

Fed. R. Evid. 201(b) ........ 4

15 U.S.C. sections 2301 et. seq ........ 6, 7

## I. INTRODUCTION

More than three and one-half years ago, Plaintiff purchased a Sony VAIO PCG notebook computer from a third party retailer. Her notebook came with Sony's standard one year limited warranty, which provided that Sony would repair defects in workmanship or material for free during that period. Now, more than two years *after* her limited warranty expired, Plaintiff complains that her notebook no longer functions properly.

Plaintiff alleges in this putative class action that Sony's VAIO PCG notebook computers contain some unspecified defect of the power cord connection slots that caused some computers to "shut down, not charge their batteries, and short circuit the mother board." Plaintiff concedes the purported problems with her notebook arose *outside* the warranty period. Nevertheless, Plaintiff contends Sony defrauded her and others in the putative class because it (i) failed to tell them that their VAIO PCG notebooks might some day malfunction after the limited warranty expired, (ii) allegedly concealed from them this purportedly known defect, and (iii) omitted to inform them about repair costs they would necessarily incur. [1]

Plaintiff alleges claims for violations of the Unfair Competition Law ("UCL"), the False Advertising Law ("FAL"), and the Consumer Legal Remedies Act ("CLRA"), as well as for breach of express and implied warranty, violation of the Song-Beverly Warranty Act, unjust enrichment and negligence. Each and every one of these claims is patently meritless under California law, and this action should be dismissed in its entirety. Indeed, just eight days prior to Sony's filing of this motion, Judge Ronald M. Whyte of the Northern District of California dismissed with prejudice a virtually identical case (though concerning a different alleged defect), based on the very same deficient theories Plaintiff advances here. *Hoey v. Sony Elecs., Inc.*, No. C-07-02106, Order Granting Defendant's Motion to Dismiss (N. D. Cal. July 2, 2008), attached as Ex. A to the Notice of Lodgment in Support of Motion to Dismiss.

---

[1] This lawsuit is Plaintiff's second effort to pursue these claims. Some three months ago, on April 10, 2008, Plaintiff filed a putative class action purporting to represent a nationwide class of "[a]ll persons or entities who purchased Sony VAIO PCG laptops in the PCG series, in the United States…," and alleging identical claims and an identical defect in the VAIO PCG notebooks at issue. Sony removed this previous case on April 25, 2008, and Plaintiff dismissed without prejudice less than one month later. Plaintiff's current suit is a carbon copy of her previous action, albeit with a narrower class definition.

First and foremost, California law has repudiated the factual and legal theories upon which Plaintiff relies. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006) (denied review by the California Supreme Court on February 7, 2006). Indeed, the *Daugherty* decision is fatal to Plaintiff's claims:

- The *Daugherty* court held that product malfunctions arising *outside* the warranty period are not actionable under either contractual or statutory warranty theories.
- The *Daugherty* court also rejected purported claims for unlawful or unfair business practices, false advertising, or concealment when directed to a product that functions as represented during the express warranty period.

Second, Plaintiff's fraud-based UCL, FAL, and CLRA claims do not meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff has failed to allege any false statement, or any representation sufficient to comprise an actionable express warranty.

Third, Plaintiff's claims for breach of express and implied warranty are barred because the alleged breaches occurred after the warranties expired. Further, the absence of privity between Sony and Plaintiff forecloses any implied warranty claim. Similarly, Plaintiff's claim under the Song-Beverly Warranty Act fails because she does not allege that the supposed warranty statements (again, non-actionable puffery in any event) played any causal role in her purchase.

Fourth, Plaintiff's claims under the "unlawful" or "unfair" prongs of the UCL and for unjust enrichment are derivative claims that are dependent upon the success of Plaintiff's other claims for relief. Because Plaintiff's other claims for relief are legally and factually deficient, these derivative claims fail as well. Similarly, Plaintiff's negligence claim fails under the economic loss doctrine.

Last, Plaintiff offers no affidavit affirming that the action has been filed in a proper venue, a pleading requirement set forth in the California Consumer Legal Remedies Act, Civil Code section 1750 *et seq*. This alone is sufficient to require dismissal of the Complaint.

In short, Plaintiff has failed to state a single cognizable claim. For all of the reasons set forth below, Sony respectfully requests that the Court grant its motion to dismiss the complaint without leave to amend.

## II. FACTUAL BACKGROUND

Sony distributes and sells numerous consumer electronics, including the family of VAIO notebook computers. Plaintiff allegedly purchased a VAIO PCG notebook in January 2005. (Compl. ¶ 23). On behalf of herself and a proposed class consisting of all persons or entities who purchased Sony VAIO PCG notebooks in California,[2] Plaintiff alleges violations of the UCL, FAL, CLRA, breach of express and implied warranty, violation of the Song-Beverly Warranty Act, unjust enrichment and negligence. (Compl. ¶¶ 28-77).

Plaintiff alleges she encountered operating problems with her notebook computer "[m]ore than a year after [she] purchased her Vaio PCG laptop." (Compl ¶ 24). Plaintiff maintains that Sony's PCG notebook power cord connection slots were defective. Notably, however, Plaintiff does not assert she was denied warranty service by Sony during her first year of ownership, nor does she contend Sony breached its one year limited warranty. To the contrary, Plaintiff contends that she and the class suffered harm only *after* Sony's limited warranty expired. (Compl. ¶¶ 9, 24).

Plaintiff's claims are primarily based on a misrepresentation theory. (Compl. ¶¶ 3;17(b), (f), (g); 22; 32-33; 39-40; 51; 56-57; 64; 70). But Plaintiff has failed to quote, cite, or even paraphrase any statements by Sony relating to its VAIO PCG notebooks. Instead, Plaintiff relies on generalized references to supposed promises that the notebooks are of a specific quality or characteristic, without any supporting details. (Compl. ¶¶ 3; 17(c), (e); 22; 33; 39; 51; 56).

Plaintiff does contend Sony's limited warranty is itself a factual misrepresentation. (*See, e.g.*, Compl. ¶ 51). Although Plaintiff fails to attach the written warranty statement, she contends Sony made uniform written representations that the PCG notebooks were free of defects and of merchantable quality. (Compl. ¶¶ 17(c), (e); 22, 51). Plaintiff's assertions are belied by the actual language of Sony's express limited warranty, which is submitted by Sony in support of this

/////

[2] Plaintiff also alleges a so-called "alternative" class, purportedly consisting of California persons or entities who purchased Sony VAIO PCG Notebooks in California. The significance of this "alternative" class is unclear, as the "alternative" class is but a subset of the primary class alleged. Accordingly, Sony regards this "alternative" class as a nullity.

motion.[3] (Request for Judicial Notice in Support of Sony's Motion to Dismiss ("RJN"); Declaration of Dean Richmond in Support of Sony's Motion to Dismiss ("Richmond Decl."), ¶ 3, Ex. A). In fact, every VAIO PCG notebook computer sold by Sony directly or through one of its authorized resellers is accompanied by a written warranty statement that provides that "SONY will repair defects in the Product at no charge . . . . [and] will supply, at no charge, new or rebuilt . . . replacement parts in exchange for defective parts," usually for one year from the date of purchase. (RJN; Richmond Decl., ¶ 3, Ex. A). Thus, Plaintiff has offered no untrue factual statement by Sony to support her misrepresentation-based claims.

## III. LEGAL STANDARD UNDER RULES 12(b)(6) AND 9(b)

Rule 12(b)(6) requires dismissal if a complaint lacks sufficient facts to support an alleged claim or fails to assert a cognizable legal theory. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699. A motion to dismiss should be granted, where as here, the plaintiff fails to proffer enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

A court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

---

[3] In light of the actual language of the limited warranty, Plaintiff's characterization of Sony's representations in the warranty need not be accepted as true. See *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). Rather, the Court may take judicial notice of Sony's actual express limited warranties, Fed. R. Evid. 201(b), and may consider these documents in ruling on this motion. (RJN, Section II); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 n. 16 (11th Cir. 1999).

1996); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A court must pay deference to a plaintiff's allegations, but it is not proper to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Anthony v. County of Sacramento, Sheriff's Dept.*, 845 F. Supp. 1396, 1399 (E.D. Cal. 1994) (quoting *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983)). Nor does Rule 12(b)(6) require a court to accept unwarranted or unreasonable inferences, unwarranted deductions of fact, conclusory legal allegations cast in the form of factual averments, or assertions contradicted by judicially noticed facts. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001); *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001); *see Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (discussing that courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

Sony's motion is also based on Rule 9(b), which provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the who, what, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see Genna v. Digital Link Corp.*, 25 F. Supp. 2d 1032, 1038 (N.D. Cal. 1997) (discussing that Rule 9(b) requires allegation of "the time, place and content of the alleged fraudulent representation or omission; the identity of the person engaged in the fraud; and the circumstances indicating falseness" or the manner in which the representations or omissions were false and misleading) (quotations and citation omitted). Mere conclusory allegations of fraud are insufficient. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Rule 9(b) also requires "an explanation as to why the statement or omission complained of was false or misleading" when made. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996).

Rule 9(b) applies not only to claims in which fraud is an essential element, but also to claims grounded in allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04 (explaining that where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in

fraud" and the pleading of that claim as a whole must satisfy Rule 9(b)); *see Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2006 WL 3093685, at *6 (N.D. Cal. Oct. 31, 2006) (holding that allegations "HP sold Pavilions with a known defect, falsely represented that the Pavilions were free from defects, and falsely represented that the Pavilion was a 'high-performance' notebook" were subject to Rule 9(b)).

## IV. PLAINTIFF'S UCL, FAL AND CLRA DECEPTION-BASED THEORIES ARE DEFICIENT AS A MATTER OF LAW

### A. The *Daugherty* Decision Bars Plaintiff's Claims

Plaintiff presents theories of liability that have been thoroughly scrutinized and rejected by California courts. In particular, the controlling case of *Daugherty v. Am. Honda Motor Co., Inc.*, *supra*, 144 Cal. App. 4th 824, has expressly rejected the notion that a manufacturer can be held liable under the CLRA, UCL and FAL based upon the facts alleged here.

In *Daugherty*, plaintiffs sued Honda on behalf of all persons who purchased or leased model-year 1990-1997 Accords and Preludes equipped with a particular engine known as the F22 engine. *Daugherty*, 144 Cal. App. 4th at 827. According to plaintiffs, the engine had a design defect which could, over time, lead to severe problems and even require a complete engine replacement. *Id.* In the plaintiffs' experiences, this latent defect did not arise until after Honda's express warranty expired. *Id.* Plaintiffs charged that Honda knew about the defect, and even designed a part to remedy it. *Id.* Honda did not offer this free repair to owners of all affected model years, however, and did not even inform all owners of the repair option. *Id.* Instead, plaintiffs alleged, Honda concealed the known defect from existing owners and prospective purchasers. *Id.*

The *Daugherty* plaintiffs alleged violations of (i) Honda's express warranty; (ii) the Magnusson-Moss Warranty-Federal Trade Commission Improvement Act, 15 U.S.C. sections 2301 et. seq.; (iii) the UCL; and (iv) the CLRA. On demurrer, the trial court dismissed all claims with prejudice. The Court of Appeal affirmed and issued the following rulings:

- The contractual and statutory warranty claims failed because the engine defect had not prompted a malfunction before the applicable warranties expired. *Id.* at 832-33.

- The plaintiffs' misrepresentation and concealment claims under the UCL and CLRA were deficient because there was no allegation of Honda's duty to disclose the defect or of any untrue affirmative representations: "The only expectation buyers could have had about the F22 engine was that it would function properly for the length of Honda's express warranty, and it did." *Id.* at 836-38.
- The unlawful and unfair business practices claims under the UCL and the CLRA could not be premised on a latent defect that caused an alleged malfunction to occur after the manufacturer's express warranty expired. *Id.* at 837-38.

The *Daugherty* court's analysis compels the same result here.

**B. The UCL, FAL, and CLRA Claims Based on Alleged Non-Disclosure Fail Under *Daugherty***

The UCL, FAL and CLRA all prohibit deceptive and misleading business practices (*See* Cal. Bus. & Prof. Code § 17200 *et seq.*; Cal. Bus. & Prof. Code § 17500 *et seq.*; Cal. Civ. Code § 1770) and Plaintiff's claims under each of these statutes are governed by the Court's holding in *Daugherty*.

Among other things, the UCL prohibits "fraudulent" business acts or practices and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Similarly, the FAL prohibits statements regarding "real or personal property or services . . . concerning any circumstance or matter of fact connected with the proposed performance [] thereof, which is untrue or misleading." Cal. Bus. & Prof. Code § 17500. A violation of the FAL is automatically a UCL violation. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950-51 (2002), *see also People v. Orange County Charitable Services*, 73 Cal. App. 4th 1054, 1075 (1999). Conversely, statements or acts that do not violate the UCL by necessity cannot support a claim under the FAL.

Much like the UCL and the FAL, the CLRA proscribes "unfair methods of competition and unfair or deceptive acts or practices," but only in transactions for the sale or lease of goods to "consumers." Cal. Civ. Code § 1770(a). Plaintiff asserts Sony engaged in three practices proscribed by the CLRA: "representing that goods . . . have . . . characteristics . . . which they do not have . . ." (*Id.*, subd. (a)(5)); "representing that goods . . . are of a particular quality, or grade,

/////

. . . if they are of another" (*Id.*, subd. (a)(7)); and "advertising goods . . . with intent not to sell them as advertised" (*Id.*, subd. (a)(9)). (Compl. ¶ 50).

Plaintiff's UCL, FAL, and CLRA claims are based on the allegation that Sony knew of and concealed the supposed defects in the VAIO PCG notebooks. The *Daugherty* court rejected an identical defect concealment theory in reviewing UCL and CLRA claims, and that court's rationale would necessarily extend to Plaintiff's claims here, including the FAL claim. *Id.* at 835-36, 838. Specifically, in discussing the UCL claim, the *Daugherty* court noted:

> Daugherty contends Honda's failure to disclose the defect in the F22 engine at the time of sale, failure to include 1990-1993 model years in its product update campaign and press releases, and failure to give proper notice to purchasers of 1994-1997 model year cars is 'likely to deceive' those customers 'into believing that no such defect exists.' We cannot agree that a failure to disclose a fact one has no affirmative duty to disclose is "likely to deceive" anyone within the meaning of the UCL . . . . The only expectation buyers could have had about the F22 engine was that it would function properly for the length of Honda's express warranty, and it did. Honda did nothing that was likely to deceive the general public by failing to disclose that its F22 engine might, in the fullness of time, eventually dislodge the front balancer shaft oil seal and cause an oil leak.

*Id.* at 838.

Similarly, *Daugherty* expressly rejected the notion that a manufacturer can be liable under the CLRA for failure to disclose a defect that manifests after expiration of the warranty period. *Id.* at 835-36. *Daugherty* held that where, as here, a manufacturer discloses the express warranty limitations, there is no duty to disclose defects that may manifest themselves after the warranty period unless (1) the manufacturer has made affirmative misrepresentations about the allegedly defective part to the contrary or (2) the defect poses substantial safety concerns. *Id.* at 835-36. Plaintiff has not alleged any facts that would support a finding that either exception applies in this case. Thus "the only expectation buyers could have had . . . was that [the PCG notebooks] would function properly for the length of" Sony's one year express warranty. *Id.*

Federal district courts have followed *Daugherty's* reasoning to dismiss claims very similar to those alleged by Plaintiff here. *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969

/////

(N.D. Cal. 2008); *Long v. Hewlett-Packard Co.*, 2007 WL 2994812, at *8 (N.D. Cal. July 27, 2007); *Hoey v. Sony Elecs., Inc.*, *supra*, Order Granting Defendant's Motion to Dismiss.

In *Oestreicher*, the court found that because defendant made no misrepresentations specific to the alleged defect and plaintiff's computer functioned as warranted, plaintiff's CLRA claim failed as a matter of law. 544 F. Supp. 2d at 969. Similarly, in *Hoey*, plaintiffs sought to bring a class action against Sony alleging that Sony violated the CLRA by failing to disclose alleged soldering defects that manifested after the expiration of the plaintiffs' warranties in two series of notebook computers. Citing *Daugherty*, the court dismissed the plaintiffs' claims because the facts did not establish a duty for the defendant to disclose the alleged defect. *Hoey*, Order at 9. In *Long*, the plaintiffs sought to bring a CLRA claim against Hewlett-Packard on behalf of a putative class, alleging that Hewlett-Packard failed to disclose an allegedly defective inverter that caused the monitor in the Pavilion notebook computers to flicker and fail outside the warranty period, but within the computers' "useful li[ves]." 2007 WL 2994812, at *1. Relying on *Daugherty*, the court held that because Hewlett-Packard was not alleged to have made any representation as to the life of the inverter, or even the useful life of the Pavilions, Hewlett Packard's alleged failure to disclose the inverter defect was not actionable under the CLRA. *Id.* at *8.

As in *Daugherty, Oestreicher*, *Hoey* and *Long*, Sony's alleged failure to disclose that the power cord connection slots might fail "in the fullness of time" does not constitute actionable deception—Plaintiff has not identified a single affirmative representation allegedly made by Sony relating to the power cord connection slots, and Plaintiff concedes that the VAIO PCG notebooks functioned as warranted during the warranty period. Accordingly, Plaintiff has failed to state viable deception–based claim under any of her legal theories.

### C. Sony's Alleged Representations Are Non-actionable Puffery, And Will Not Support A UCL, FAL or CLRA Claim Based On Alleged Affirmative Misrepresentation

Plaintiff alleges that Sony made false statements about the performance and reliability of the PCG notebooks. (Compl. ¶¶ 17(c), (e); 22; 33, 56, 64). But courts routinely dismiss claims under state consumer fraud and false advertising statutes where the alleged statements are non-

actionable opinion, puffery, or predictive statements. *See In re General Motors Corp. Anti-Lock Brake Products Liab. Litig.*, 966 F. Supp. 1525, 1533 (E.D.Mo. 1997), *aff'd*, 172 F.3d 623 (8th Cir. 1999) (dismissing claims under California consumer protection laws); *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399-1405 (E.D. Cal. 1994) (same); *Atari Corp. v. The 3DO Co.*, 31 U.S.P.Q.2d 1636, 1638 (N.D. Cal. 1994) (same); *accord Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 462 (Tex. Ct. App. 1990) (applying Texas consumer protection law).

Unable to identify any specific representations by Sony, Plaintiff in this case resorts to the vague general allegation that Sony violated the UCL, FAL, and CLRA by marketing the PCG notebooks as "reliable" and of "good quality." (*See, e.g.*, Compl. ¶ 33, 54, 65). Courts have consistently held such allegations as too vague to be actionable, falling instead into the category of "puffery" or immaterial opinion statements. For example, in *Summit Technology, Inc. v. High-Line Medical Instruments, Co.*, 933 F. Supp. 918 (C.D. Cal 1996), the defendant expressly stated in its advertisements that its laser systems were "perfectly reliable." *Id.* at 921. As Plaintiff does here, the *Summit Technology* plaintiffs alleged this statement was actionable because the systems often needed repairs. *Id.* The court dismissed the false advertising claims because this statement was "mere puffery, not actionable." *Id.* at 931. The court reasoned that, in stating the machines are "perfectly reliable," the defendant "clearly does not literally mean that the machines are '100% reliable' which would mean they never break down"; "the word 'reliable' is inherently vague and general—in common parlance akin to a statement that the machine is 'fine.' " *Id.*

Similarly, in *Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133 (C.D. Cal. 2005), a case involving a putative class action relating to an alleged overheating defect in certain laptop computers, the court found that the word "quality" is "non-actionable puffery." *Id.* at 1140. The court also found the words "reliable", "performance", and "latest technology" were all non-actionable puffery. *Id.* The court concluded that "no reasonable person could rely [on these statements] when making a [purchasing decision]." *Id.* See also *Brothers v. Hewlett-Packard Co.*, 2006 WL 3093685, at *4-*5 (N.D. Ca. 2006) (rejecting "high-performance" and "top of the line" as mere puffery; *Long v. Hewlett-Packard Co.*, 2007 WL 2994812, at *7 (rejecting "reliable mobile computing solution" and "do more on the move" as puffery).

In this case, Plaintiff has provided no specific statement or product characteristic regarding Sony's VAIO notebooks beyond generalized and vague statements of quality and reliability. Under the relevant case law, these do not qualify as actionable statements of fact likely to mislead the public. Rather, the statements are non-actionable puffery which cannot form the basis of a violation of the UCL, FAL, or CLRA based on alleged affirmative representation.

**D. Plaintiff Cannot State A Claim Under The "Unlawful" or "Unfair" Prongs Of The UCL**

In proscribing unlawful conduct, the UCL borrows violations of other laws and treats them as independently actionable. *Daugherty*, 144 Cal. App. 4th at 837. In her Complaint, Plaintiff premises her UCL "unlawful" claim on Sony's purported violations of the FAL, CLRA and the Song-Beverly Warranty Act. (Compl. ¶ 33). However, because Plaintiff has failed to state any viable claim under the FAL, CLRA, or Song-Beverly Warranty Act (*see* VI, *infra*). Consequently, she has failed to state a claim under the "unlawful" prong. *Id.*

Nor can Plaintiff allege an "unfair" practice claim: An act or practice is unfair if the "consumer injury is substantial . . . [A] failure to disclose a defect that might, or might not, shorten the effective life span of a[ ] [product] . . . that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers." *Daugherty*, 144 Cal. App. 4th at 839 (citing *Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006)).

Moreover, the purported defect in *Daugherty*, a design flaw in an engine gasket, was acknowledged to require the replacement of the automobile's entire engine in some instances. *Id.* at 827. Nonetheless, the court determined that the injury to consumers was not "substantial." *Id.* at 838-39. Here, the alleged injury—a repair charge to fix a three or four year old notebook computer—is significantly less "substantial" than the cost of replacing a car engine, and as a matter of law does not constitute an injury sufficient to support an "unfair" practice claim.

/////

/////

/////

### E. The UCL, FAL, and CLRA Deception-Based Claims Do Not Meet The Heightened Pleading Standard Under Rule 9(b)

Plaintiff alleges that Sony made false statements about the performance and reliability of the VAIO PCG notebooks. (Compl. ¶¶ 17(c), (e); 22; 33, 56, 64). In the Ninth Circuit, claims based on false representations must comply with the heightened pleading standard embodied in Rule 9(b) of the Federal Rules of Civil Procedure. *See, e.g., Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."); *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").

Rule 9(b)'s heightened pleading requirements "prevent[] the filing of a complaint as a pretext for the discovery of unknown wrongs." *Semegen v. Weidner*, 780 F.2d 727, 731(9th Cir. 1985). The enforcement of Rule 9(b) is necessary—even more so in the class action context—to keep plaintiffs from "alleging fraud by hindsight" and "bringing a groundless 'strike suit' in the hope of forcing a defendant to settle in order to avoid the cost of discovery." *Bender v. Rocky Mountain Drilling Assocs.*, 648 F. Supp. 330, 335-36 (D.D.C. 1986) (internal quotation omitted). In this case, the complaint is devoid of any facts relating to who at Sony made the alleged misrepresentations, when or where they were made, and what specifically was misrepresented. Instead, Plaintiff makes only vague, generalized and non-specific allegations that Sony made false statements about the performance and reliability of the VAIO PCG notebooks. (Compl. ¶¶ 17(c), (e); 22; 33, 56, 64). These allegations fail to satisfy the heightened pleading standard required for fraud-based claims. Accordingly, Plaintiff's UCL, FAL, and CLRA claims should also be dismissed for failure to satisfy Rule 9(b).

/////

/////

/////

/////

## V. PLAINTIFF'S BREACH OF EXPRESS AND IMPLIED WARRANTY CLAIMS SHOULD BE DISMISSED

### A. Plaintiff Fails To State A Claim For Breach Of Express Warranty

A warranty is a contractual promise from the seller that the goods conform to the promise. An express warranty runs to all intermediate merchants and to the ultimate consumer. *Klein v. Asgrow Seed Co.*, 246 Cal. App .2d 87, 101 (1966). Express warranty claims sound in contract rather than in tort. *Id.*; *see also Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525 n.23 (1992); *Hauter v. Zogarts*, 14 Cal.3d 104, 117 (1975) (discussing that express warranties are basically contractual in nature). "A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone*, 505 U.S. at 525; *see Carrau v. Marvin Lumber and Cedar Co.*, 93 Cal. App. 4th 281, 289-292 (2001) (express warranties are generally limited to their terms); *Annunziato*, 402 F. Supp. 2d at 1141 (holding that because "Annunziato's express warranty has expired, . . . his claims based on breach of the express warranty fails as a matter of law"). As a result, any obligation assumed by the manufacturer or seller is not imposed by state law, but is imposed according to the terms extended by the warrantor.

In this case, Plaintiff's express warranty claim fails because her own allegations show that she experienced problems only *after* the limited one-year warranty expired. (Compl. ¶ 24; RJN; Richmond Decl., ¶ 3, Ex. A). Plaintiff does not, nor could she, allege that Sony failed to comply with its limited one-year warranty.

To avoid this result, Plaintiff alleges that Sony "expressly represented and warranted through its advertising that the Laptops were of good quality and reliable." (Compl. ¶ 56). However, as discussed above, any alleged representations that were made by Sony in advertisements constitute puffery (*see* IV.C , *supra*) and do not create a warranty. Accordingly, any claim that the advertisements created an "open-ended" express warranty fails as a matter of law, and this cause of action should be dismissed with prejudice.

/////

/////

**B. Plaintiff Fails To State A Claim For Breach Of Implied Warranty**

Plaintiff's implied warranty claims fail for a similar reason. First, the implied warranty claims fail because the alleged defect occurred after the expiration of the express warranty. *See* Cal. Civ. Code § 1791.1(c) ("The duration of the implied warranty of merchantability ... shall be coextensive in duration with an express warranty which accompanies the consumer goods...").[4]

In addition, the implied warranty claims fail because there is no vertical privity between Sony and Plaintiff. "Vertical privity is a prerequisite in California for recovery on a theory of breach of the implied warranties of fitness and merchantability." *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal. App. 3d 1431, 1441 (1991) (citations omitted); *see Hauter*, 14 Cal.3d at 117 (vertical privity remains requirement for breach of-implied warranty claim); *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 695-696 (1954) (same); *All West Electronics, Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 723 (1998) (same). To establish vertical privity, the parties must " 'occupy adjoining links in the [distribution] chain.' " *Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988); *see also Burr*, 42 Cal. 2d at 695 ("[T]here is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.").

Here, Plaintiff cannot satisfy the privity requirement because she expressly alleges she purchased her notebook from a third party retailer (Fry's) and not from Sony. (Compl. ¶ 23). Plaintiff's failure to allege that she, or any purported class member, purchased her VAIO PCG notebook directly from Sony or was otherwise in privity with Sony is fatal to this cause of action. *See Anunziato*, 402 F.Supp. 2d at 1141 (finding that plaintiff's breach of implied warranty claim failed because he "did not, and cannot, allege privity with eMachines."); *Kennedy v. Baxter Healthcare Corp.*, 43 Cal. App. 4th 799, 811 (1996) (dismissing claims at pleading stage because plaintiff lacked privity with defendant). Because Plaintiff's allegations establish she lacks privity with Sony, leave to amend this claim would be futile, and her claim for breach of implied warranty should be dismissed with prejudice. *See Guerrero v. Gates*, 357 F.3d 911, 916 (9th Cir.

/////

[4] Notably, in this case Sony's express warranty also contractually limits the duration of any implied warranty to the duration of the express warranty itself. Richmond Decl., Ex. A.

2004) (dismissal appropriate where the pleader can prove no set of facts in support of its claim which would entitle it to relief).

## VI. PLAINTIFF'S SONG-BEVERLY WARRANTY ACT CLAIMS SHOULD BE DISMISSED

Plaintiff's purported claim under the Song-Beverly Warranty Act suffers from the same defects as Plaintiff's other warranty claims. The Song-Beverly Warranty Act, California Civil Code section 1790 *et seq.*, provides relief for "[a]ny buyer of consumer goods who is damaged by a failure to comply with any obligation" under the Act. Cal. Civ. Code § 1794(a). The Complaint does not allege that Sony failed to comply with its written express one-year limited warranty during the warranty period. Plaintiff alleges that she began experiencing problems more than one year after she purchased her PCG notebook, which was outside of the one-year express and implied warranty period. (Compl. ¶ 24). Because Sony has not failed to comply with an obligation under the Song-Beverly Warranty Act, Plaintiff's claim for relief should be dismissed.

In any event, as to express warranties, the Song-Beverly Warranty Act covers only written warranty statements "arising out of a sale to the consumer of a consumer good." Cal. Civ. Code § 1791.2 (a)(1). The "arising out of" language requires some nexus between the alleged warranty statement and the sale. Where a purchaser did not see the alleged warranty statements before purchasing the good at issue, such statements cannot be deemed part of the express warranty. In this case, Plaintiff does not allege that she even saw any of advertisements constituting the alleged "warranty statements" before purchasing her VAIO PCG notebook. Absent any factual allegations that Sony's warranty statements "arose out of the sale" of a VAIO PCG notebook to Plaintiff and each purported class member, the claims for breach of express warranty under the Song-Beverly Warranty Act fail as a matter of law.

## VII. PLAINTIFF'S UNJUST ENRICHMENT/RESTITUTION CLAIM SHOULD BE DISMISSED

California courts generally do not recognize "unjust enrichment" as a separate cause of action. *Melchoir v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003). To the extent it is recognized, the elements of an unjust enrichment claim are receipt of a benefit and unjust retention of the benefit at the expense of another. *Lectrodryer v. SeoulBank*, 77 Cal. App.

4th 723, 726 (2000) (citing *First Nationwide Savings v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (1992)). Here, Plaintiff's unjust enrichment claim depends upon the facts and legal theories pled elsewhere in the Complaint. (Compl. ¶ 67). Plaintiff contends that Sony has unjustly retained a benefit, to the detriment of notebook purchasers, based on its design, manufacture, warranting, advertising, and sale of purportedly defective notebook computers. (Compl. ¶¶ 68-71). However, as explained in *Daugherty*, Sony's conduct is not actionable. *Daugherty*, 144 Cal. App. 4th at 834-39. Accordingly, any benefit that Sony has received and retained regarding VAIO PCG notebooks cannot be said to be unjust or at the expense of another. On this basis, Plaintiff's unjust enrichment claim fails, and should be dismissed.

## VIII. PLAINTIFF'S NEGLIGENCE CLAIMS ARE BARRED BY THE ECONOMIC LOSS DOCTRINE

Last, Plaintiff's claim for relief for negligence (Compl. ¶¶ 72-77) should be dismissed under California's economic loss doctrine. Under California law, plaintiffs may seek remedies for negligence only for physical injury to person or property and not for purely economic losses. *Seely v. White Motor Co.*, 403 P.2d 145, 151-52 (Cal. 1965); *California Dept. of Toxic Subst. Control v. Payless Cleaners*, 368 F. Supp. 2d 1069, 1084 (E.D. Cal. 2005). Economic damages are defined as "damages for inadequate value, cost of repair and replacement of [a] defective product, or consequent loss of profits without any claim of personal injury or damages to other property." *Payless Cleaners*, 368 F. Supp. 2d at 1084. The economic loss rule "prevent[s] the law of contract and the law of tort from dissolving one onto the other." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 373 (Cal. 2004).

Plaintiff's complaint alleges "damages that were directly and proximately caused by the defective Laptops" (Compl. ¶ 77) and that she sent the "Laptop to a computer repair business." (Compl. ¶ 25). In *County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292 (2006), homeowners sued lead paint manufacturers, asserting that their homes were damaged by the presence of hazardous lead paint. Like the plaintiff in the instant case, there was no claim of physical injury to the plaintiffs' premises but instead, the damages consisted of expenses incurred in repairing the homes and removing the lead paint. *Id.* at 337. The court held that the cost of

repairing the homes was a purely economic loss which was not recoverable in tort. *Id.* at 337-38. "[O]nly physical injury can support a negligence ... cause of action, and cost of repair does not constitute physical injury." *Id.*

In this case, Plaintiff has not purported to make any allegation of physical injury—nor could she. Because Plaintiff's negligence claims seek recovery in tort for economic losses, this Court should dismiss those claims because they are barred under the economic loss doctrine.

## IX. CONCLUSION: THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

For the reasons set forth above, the Court should dismiss the Complaint with prejudice, as there is no conceivable amendment that can save Plaintiff's purported claims. *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (dismissal without leave to amend appropriate where amendment would be futile) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff experienced operating problems that Sony would not repair for free *after* the express warranties covering her notebook computer expired. This innocuous fact pattern does not give rise to an actionable claim, let alone support a class action litigation against Sony. California case law, and in particular the *Daugherty* case, presents an insurmountable bar to the prosecution of this action. Because any amendment would be futile, the Court should dismiss Plaintiff's Complaint with prejudice.

Dated: July 21, 2008

DLA PIPER US LLP

By s/ Brian A. Foster
BRIAN A. FOSTER
Attorneys for Defendant

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. 08 CV 01179 DMS(BLM)<br><br>**DECLARATION OF DEAN RICHMOND IN SUPPORT OF DEFENDANT SONY ELECTRONICS INC.'S MOTION TO DISMISS**<br><br>Date: September 19, 2008<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Honorable Dana M. Sabraw |

I, Dean Richmond, declare:

1. I am a Senior Business Planning Manager in the IT Service and Call Center of Defendant Sony Electronics Inc. ("Sony"). I have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could and would competently testify to these matters.

2. As the Senior Business Planning Manager of Sony's IT Service and Call Center, I have personal knowledge of the terms of the express warranties Sony has provided in selling and distributing VAIO PCG notebook computers. The terms of Sony's express warranties are set forth in a written warranty statement that is provided to the purchaser at the time of sale.

3. Attached hereto as Exhibit A is a true and correct copy of a form containing the express warranty Sony provided for the VAIO PCG notebook computers, as it appeared in the packaging for those notebook computers as well as on Sony's website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 9 day of July, 2008, in San Diego, California.

Dean Richmond

# EXHIBIT A

# Limited Warranty Statement

SONY ELECTRONICS INC. (for U.S. sales) or SONY OF CANADA LTD. (for Canadian Sales) ("SONY") warrants this product against defects in material or workmanship for the time periods and as set forth below. Pursuant to this Limited Warranty, SONY will, at its option, (i) repair the product using new or refurbished parts or (ii) replace the product with a new or refurbished product. For purposes of this Limited Warranty, "refurbished" means a product or part that has been returned to its original specifications. **In the event of a defect, these are your exclusive remedies.**

**Term:** For a period of one year from the original date of purchase of the product, SONY will, at its option, repair or replace with new or refurbished product or parts, any product or parts determined to be defective.

This Limited Warranty covers only the hardware components packaged with the Product. It does not cover technical assistance for hardware or software usage and it does not cover any software products whether or not contained in the Product; any such software is provided "AS IS" unless expressly provided for in any enclosed software Limited Warranty. Please refer to the End User License Agreements included with the Product for your rights and obligations with respect to the software.

**Instructions:** To obtain warranty service, you must deliver the product, freight prepaid, in either its original packaging or packaging affording an equal degree of protection to the SONY authorized service facility specified. **It is your responsibility to backup any data, software or other materials you may have stored or preserved on your unit. It is likely that such data, software, or other materials will be lost or reformatted during service and SONY will not be responsible for any such damage or loss.** A dated purchase receipt is required. For specific instructions on how to obtain warranty service for your product, product support, online knowledge database, frequently asked questions and free updates via the Internet:

Visit SONY's Web Site:
http://www.sony.com/support
(in Canada, visit http://www.sony.ca/support)

Or call the Sony Customer Information Service Center
1-888-4SONYPC (476-6972)

For an accessory or part not available from your authorized dealer, call:

1-800-488-SONY (7669)
(in Canada, call 1-877-779-9929)

**Repair/Replacement Warranty:** This Limited Warranty shall apply to any repair, replacement part or replacement product for the remainder of the original Limited Warranty period or for ninety (90) days, whichever is longer. Any parts or product replaced under this Limited Warranty will become the property of SONY.

This Limited Warranty only covers product issues caused by defects in material or workmanship during ordinary consumer use; it does not cover product issues caused by any other reason, including but not limited to product issues due to commercial use, acts of God, misuse, limitations of technology, or modification of or to any part of the SONY product. This Limited Warranty does not cover SONY products sold AS IS or WITH ALL FAULTS or consumables (such as fuses or batteries). This Limited Warranty is invalid if the factory-applied serial number has been altered or removed from the product. This Limited Warranty is valid only in the country of purchase, either the United States of America or Canada.

**LIMITATION ON DAMAGES:** SONY SHALL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES FOR BREACH OF ANY EXPRESS OR IMPLIED WARRANTY OR CONDITION ON THIS PRODUCT.

**DURATION OF IMPLIED WARRANTIES:** EXCEPT TO THE EXTENT PROHIBITED BY APPLICABLE LAW, ANY IMPLIED WARRANTY OR CONDITION OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON THIS PRODUCT IS LIMITED IN DURATION TO THE DURATION OF THIS WARRANTY.

Some states or jurisdictions do not allow the exclusion or limitation of incidental or consequential damages, or allow limitations on how long an implied warranty lasts, so the above limitations or exclusions may not apply to you. This Limited Warranty gives you specific legal rights and you may have other rights which vary from state to state or jurisdiction to jurisdiction.

EXHIBIT A PAGE 2



© 2005 Sony Electronics Inc.

Printed in U.S.A.

# Énoncé de limite de garantie

SONY ELECTRONICS INC. (pour les ventes américaines) ou SONY OF CANADA Ltd. (pour les ventes canadiennes) (« SONY ») garantit ce produit contre tous défauts de matériaux ou de fabrication pour la période et selon les termes et conditions définis ci-dessous. Selon cette garantie limitée, SONY, à sa discrétion, (i) réparera le produit en utilisant des pièces neuves ou réusinées ou (ii) remplacera le produit par un produit neuf ou réusinés. Dans cette garantie limitée, le terme « réusiné » désigne un produit ou une pièce qui a été remis à neuf selon ses caractéristiques d'origine. **En cas de défaut, les uniques recours de l'utilisateur sont décrits ci-dessous.**

**Terme :** Pour une période d'un an à compter de la date d'achat d'origine du produit, Sony, à sa discrétion, réparera ou remplacera par un produit ou une pièce de rechange neuve ou remise à neuf tout produit ou pièce défectueux.

Cette garantie limitée couvre seulement les composants matériels dont le Produit est équipé. Elle ne couvre pas l'assistance technique pour l'utilisation de matériel ou de logiciel et ne couvre aucun produit logiciel compris ou non avec le Produit, ces dits logiciels sont offerts « tels quels » à moins qu'une garantie limitée ne soit expressément offerte avec ces logiciels. Pour vos droits et obligations concernant le logiciel, veuillez vous référer au contrat de licence de l'utilisateur final fourni avec le Produit.

**Instructions :** Pour obtenir le service de garantie, vous devez envoyer le produit, frais de transport prépayés, dans son emballage d'origine ou dans un emballage procurant le même niveau de protection, au lieu de service autorisé de SONY spécifié. **Vous êtes responsable de la sauvegarde des données, logiciels ou autres matériaux que vous avez stockés ou préservés sur votre unité. Ces données, logiciels ou autres matériaux risquent d'être perdus ou reformatés lors de la réparation et SONY ne sera pas tenu responsable de tels dommages ou pertes.** Vous devez fournir un reçu de votre achat. Pour des instructions spécifiques concernant l'obtention du service de garantie pour votre produit, une assistance sur les produits, la base de donnée de connaissance en ligne, les questions fréquentes et les mises à jour gratuites par Internet :

Visitez le site Web de SONY :
http://www.sony.com/support
(pour le Canada, veuillez visiter http://www.sony.ca/support)

Ou contactez le centre de service d'informations à la clientèle de SONY au
1-888-4SONYPC (476-6972)

Pour un accessoire ou une pièce non disponible auprès de votre vendeur autorisé, téléphonez au :

1-800-488-SONY (7669)
(depuis le Canada, téléphonez au 1-877-779-9929)

**Garantie de réparation/remplacement :** Cette garantie limitée s'appliquera à toute réparation, toute pièce de rechange ou tout produit de rechange pour le restant de la période de garantie originale ou pendant quatre-vingt-dix (90) jours, selon la période la plus longue. Les pièces ou produits remplacés sous cette garantie limitée deviendront la propriété de SONY.

Cette garantie limitée couvre uniquement les problèmes de produits causés par des défauts de matériaux ou de fabrication survenus au cours d'une utilisation normale du consommateur et ne couvre aucun problème causé par une autre raison, y compris notamment, les problèmes causés par une utilisation commerciale, une catastrophe naturelle, une mauvaise utilisation, des limitations de technologie ou une modification d'une partie du produit SONY. Cette garantie limitée ne couvre pas les produits SONY vendus TELS QUELS ou consommables (comme les fusibles ou les piles). Cette garantie limitée n'est pas valable si le numéro de série apposé par l'usine a été altéré ou enlevé du Produit. Cette garantie limitée n'est valable que dans son pays d'achat, soit aux États-Unis ou au Canada.

**LIMITATIONS DES DOMMAGES :** SONY NE POURRA AUCUNEMENT ÊTRE RESPONSABLE DE QUELQUE DOMMAGE INDIRECT OU CONSÉCUTIF ASSOCIÉ AU NON-RESPECT D'UNE GARANTIE OU CONDITION EXPRESSE OU IMPLICITE CONCERNANT CE PRODUIT.

**DURÉE DES GARANTIES IMPLIQUÉES :** SAUF DANS LA LIMITE OÙ UNE LOI APPLICABLE L'INTERDIT, TOUTE GARANTIE OU CONDITION TACITE DE VALEUR MARCHANDE OU DE CONVENANCE À UNE FIN PARTICULIÈRE EST LIMITÉE DANS LE TEMPS À LA DURÉE DE CETTE GARANTIE.

Certains états ou juridictions n'autorisent pas l'exclusion ou la limitation de responsabilité en cas de dommages accessoires ou indirects, ou autorisent des limitations concernant la durée des garanties tacites. Il est donc possible que les limitations ou exclusions ci-dessus ne s'appliquent pas à votre situation. Cette garantie vous confère des droits juridiques spécifiques. Vous pourriez également bénéficier d'autres droits qui peuvent varier d'un état à l'autre ou d'une juridiction à l'autre.

EXHIBIT A PAGE 3

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. 08-CV-1179-DMS (BLM)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SONY ELECTRONICS INC.'S MOTION TO DISMISS**<br><br>Date: September 19, 2008<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Hon. Dana M. Sabraw |

Defendant Sony Electronics Inc. ("Sony") respectfully requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of a document cited in its Memorandum of Points and Authorities in Support of Motion to Dismiss.

## I. REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Sony requests that the Court take judicial notice of the following document, which is attached to the accompanying Declaration of Dean Richmond ("Richmond Declaration"):

> A form containing the express warranty Sony provided for the VAIO PCG notebook computers, as it appeared in the packaging for those notebook computers as well as on Sony's website. Richmond Declaration, Exhibit A.

This document contains the express warranty that Sony provided for the VAIO PCG notebook computers. This document was provided to purchasers of VAIO PCG notebook computers at the time of sale, as part of the packaging inserts for such computers.

## II. THE COURT MAY TAKE JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN THE COMPLAINT BUT NOT ATTACHED

Federal Rule of Evidence 201 allows a court to take judicial notice of, *inter alia*, adjudicative facts "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is axiomatic that under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281, n.16 (11th Cir. 1999).

Documents referenced in, but not physically attached to, a complaint may be considered by a court on a Rule 12(b)(6) motion to dismiss if (i) the complaint refers to such document; (ii) the document is central to the plaintiff's claim; (iii) and no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Branch*, 14 F.3d at 454; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153, n.3 (2d Cir. 2002).

Among other representations allegedly made by Sony, Plaintiff's legal claims are premised on the contents of the express warranty attached to the Richmond Declaration. Throughout the Complaint, Plaintiff refers to Sony's express warranty regarding the VAIO PCG notebook computers and characterizes that warranty as containing various factual representations regarding the VAIO PCG notebooks that Plaintiff contends are not true. (Compl. ¶¶ 7, 13, 17(h), 22, 51, 57, 59, 65). However, Plaintiff fails to quote the relevant language in Sony's warranty in the Complaint and fails to attach the actual written warranty statements as an exhibit to the pleading. In the interests of fairness, the Court should take judicial notice of the actual content of the written warranty statements provided to Plaintiff and upon which Plaintiff sues, and which directly contradicts and refutes what Plaintiff has alleged in her Complaint.

Dated: July 21, 2008

DLA PIPER US LLP

By s/ Brian A. Foster
BRIAN A. FOSTER
Attorneys for Defendant

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. 08 CV 01179 DMS(BLM)<br><br>**NOTICE OF LODGMENT OF DEFENDANT SONY ELECTRONICS INC IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: September 19, 2008<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Honorable Dana M. Sabraw |

Defendant Sony Electronics Inc. ("Sony") hereby lodges a true and correct copy of the following exhibit in support of its Motion to Dismiss:

**Exhibit A**: *Hoey, et al. v. Sony, et al.*, No. C07-02106, Order Granting Def.'s Mot. Dismiss (July 2, 2008).

Dated: July 21, 2008

DLA PIPER US LLP

By s/ Brian A. Foster
BRIAN A. FOSTER
Attorneys for Defendant

# EXHIBIT A

United States District Court
For the Northern District of California

**E-FILED on 7/2/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE HOEY, LANCE JONES, STEVE GUYSHAN and CHARLES BRANNON,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS INC.,<br><br>Defendant. | No. C-07-02106 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket No. 37]** |

In October 2007, the court dismissed plaintiffs' complaint with leave to amend. Defendant Sony Electronics ("Sony") now moves to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b). The court has considered the briefing and counsel's argument at the hearing on this matter as well as the parties' subsequent statements of recent decision.[1] For the reasons set forth below, the court grants Sony's motion to dismiss.

[1] The court hereby grants any outstanding motions for leave to file statements of recent decision and overrules objections to those submissions. The court reminds the parties, however, that statements of recent decision are not to filed after the hearing without approval. Further, such submissions are to contain a citation to and copy of the decision – without argument. N.D. Cal. Civ. L.R. 7-3(d).



EXHIBIT A PAGE 2

United States District Court
For the Northern District of California

## I. BACKGROUND

Plaintiffs Irene Hoey, Lance Jones, Steve Guyshan and Charles Brannon have filed a purported nationwide class action lawsuit against Sony based on alleged defects in the Sony VAIO GRZ and GRV series notebook computers ("VAIO notebooks"). All plaintiffs claim to have experienced failures of their computers related to the following design defects: "(1) the solder joints of the SODIMM sockets are prone to premature failure as a result of cyclic creep-fatigue of the solder; (2) inadequate compliancy of the SODIMM socket leads; and (3) inadequate cooling structures causing severe thermal cyclic loading on the solder joints." Am. Compl. ¶ 6. Plaintiffs contend that these defects cause premature failure of the solder joints of the SODIMM sockets and eventually cause the connections between the memory sockets and the mother board and between the power socket and the mother board to fail, leaving the computers unusable. *Id.* ¶¶ 36-38. Hoey, a resident of San Benito, California, purchased a new Sony VAIO GRZ660 computer in March 2003. *Id.* ¶ 11. Jones, a resident of Phoenix, Arizona, purchased a new Sony VAIO PCG-GRZ630 computer in March 2003. *Id.* ¶ 12. Guyshan, a resident of Longmeadow, Massachusetts, purchased a new Sony VAIO GRV550 computer in April 2003. *Id.* ¶ 13. Brannon, a resident of Greensboro, North Carolina purchased a new Sony VAIO GRV670 computer in June 2004. *Id.* ¶ 14.

Sony provides a one-year warranty on its VAIO notebooks. Plaintiffs' complaint claims that Sony's failure to disclose the soldering defects in its VAIO notebooks that only manifested after the expiration of the one-year express warranty was (1) a violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) a violation of the California Unfair Business Practices Act ("UCL"), Cal. Bus. & Prof. Code §§ 17200 & 17500; (3) fraudulent concealment; and (4) unjust enrichment. Because the defects of which plaintiffs complain manifested outside the one-year warranty period, plaintiffs' complaint does not assert a breach of contract or breach of warranty claim.

As set forth briefly above, this court previously granted defendant's motion to dismiss, giving plaintiffs leave to amend. Order Granting Mot. to Dismiss, October 10, 2007, Docket No. 33. The court dismissed the CLRA and fraudulent concealment claims for failure to allege either fraudulent misrepresentations or fraudulent omissions coupled with a duty to disclose. *Id.* The court dismissed

United States District Court
For the Northern District of California

plaintiffs' UCL and unjust enrichment claims since they were based on plaintiffs' dismissed CLRA claim. *Id.* In addition, the court found that plaintiffs' fraud allegations were insufficient under the pleading standards of Rule 9(b). *Id.* Plaintiffs have amended their complaint. Plaintiffs' CLRA claim is now predicated on defendant's alleged fraudulent failure to disclose the alleged defects to consumers. Plaintiffs purport to have supplemented their claims to add facts alleging fraud with particularity.

## II. ANALYSIS

As set forth above, plaintiffs assert four claims in their complaint: (1) violations of the CLRA; (2) violations of California's Unfair Competition Law ("UCL"); (3) fraudulent concealment; and (4) unjust enrichment. Plaintiffs base their CLRA claim of concealment on the failure to disclose the alleged solder defect in the VAIO notebooks. Plaintiffs' unjust enrichment and UCL claims are based on the CLRA violation and fraudulent concealment claims as well as Sony's alleged active concealment of the defect.

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

The court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of



EXHIBIT A PAGE 4

the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 530 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *See also In re GlenFed Inc. Securities Litig.*, 42 F.3d 1541 (9th Cir. 1993) (en banc). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In addition, Rule 9(b) applies not only to claims in which fraud is an essential element, but also to claims grounded in allegations of fraudulent conduct. *Id.* at 1103-04 (explaining that where a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is said to be "grounded in fraud" or to "sound in fraud" and the pleading of that claim as a whole must satisfy Rule 9(b)).

**B. Plaintiffs' CLRA Claim**

Plaintiffs' first claim is for violations of the CLRA under (1) § 1770(a)(5)'s proscription against representing that goods have uses or characteristics they do not actually have; (2) the prohibition in § 1770(a)(7) against representing that goods are of a particular standard or quality when they are of another; and (3) § 1770(a)(9)'s proscription against advertising goods with the intent not to sell them as advertised. A claim may be stated under the CLRA in terms constituting fraudulent omissions, but to be actionable the omission must be "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty et al. v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006). In the amended complaint, plaintiffs do not allege any affirmative misrepresentations by Sony, only that Sony had a duty to disclose the soldering defect but did not, and instead actively concealed it. *See* Opp'n at 2, 4.



EXHIBIT A PAGE 5

**1. Duty to Disclose**

The parties dispute whether Sony had a duty to disclose the alleged soldering defect to consumers. Plaintiffs allege that Sony had a duty to disclose the defect for the following reasons: (1) plaintiffs expected their computers to last longer than the one year warranty provided by Sony; (2) Sony had exclusive knowledge of the alleged defect; (3) the defect was material to their decision to purchase the notebook; and (4) Sony actively concealed the defect. Defendant contends that in the absence of an allegation that it made an affirmative misrepresentation, it had no duty to disclose because the alleged defect did not present a safety hazard.

The established law in California is that there is a duty to disclose in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; or (4) when the defendant makes partial representations but also suppresses some material fact. *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007) (Alsup, J.) (citing *Limandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)). Plaintiffs allege that defendant had a duty to disclose based on the second and third *Judkins* factors. Both factors require the existence of a material fact.[2]

In order for a non-disclosed fact to be material, a plaintiff must show that "had the omitted fact been disclosed, one would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993). Materiality, for CLRA claims, is judged by the effect on

---

[2] Following the hearing on the motion to dismiss the amended complaint, plaintiffs submitted a statement of recent decision attaching *Bullock v. Philip Morris USA, Inc.*, 159 Cal. App. 4th 655, 675 (2008), decided January 30, 2008. They contend that this case supports two propositions: 1) that a plaintiff can have a fraud claim in the absence of seeing a specific representation; and 2) that a duty to disclose arises from a manufacturer's knowledge of material facts about its product which are neither known nor readily accessible to the consumer. The Court of Appeal's discussion does not inform the decisions before this court. First, the *Bullock* court's discussion of the fraud claim is limited to whether plaintiff could have relied upon misrepresentations by the defendant tobacco company that were indirectly conveyed to the plaintiff. This is not at issue in this case, as no affirmative misrepresentations have been alleged. The *Bullock* court's discussion of the duty to disclose arises in the context of whether the trial court refused to give a jury instruction, BAJI No. 12.36, which states in pertinent part, "A duty to disclose known facts arises where one party knows of material facts and also knows that such facts are neither known nor readily accessible to the other party." Even assuming that the *Bullock* court's discussion had some bearing on the issues in this motion, this instruction is by no means inconsistent with this court's discussion of the duty to disclose.

United States District Court
For the Northern District of California

a reasonable consumer. *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). Under the reasonable consumer standard, a plaintiff must "show that members of the public are likely to be deceived." *Williams v. Gerber*, 523 F.3d 924 (9th Cir. 2008).[3]

Defendant, relying on two California cases, *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2006), and *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255 (2006), contends it had no duty to disclose. In both of these cases, the plaintiffs alleged that the defendants had exclusive knowledge of a product defect that they failed to disclose. Both of these cases were dismissed by the court for failure to state a claim. *Id.* The court in *Daugherty* expressly pointed out that the product defect had not been alleged to have created a safety hazard. *Daugherty*, 144 Cal. App. 4th at 836 ("[t]he complaint is devoid of factual allegations showing any instance of physical injury or safety concerns posed by the defect"). However, both *Bardin* and *Daugherty* stated that fraudulent omissions are actionable under the CLRA provided there is a duty to disclose. *Daugherty*, 144 Cal. App. 4th at 834, *Bardin*, 136 Cal. App. 4th at 1276. The cases were dismissed by the court because the plaintiffs failed to allege that the defendants had a duty to disclose. *Id.* Here, by contrast, plaintiffs have attempted to allege that there was a duty for the defendant to disclose the alleged defect. The court must determine whether such a duty arose under the facts alleged.

Defendant argues that manufacturers only have a duty to disclose product defects that result in potential safety hazards. The court notes that, despite defendant's contentions to the contrary, in both *Daugherty* and *Bardin* the court did not hold that there was no duty to disclose because the product defect was not alleged to be a safety hazard, but merely found that there had been no allegations of a duty to disclose. *Daugherty*, 144 Cal. App. 4th at 834, *Bardin*, 136 Cal. App. 4th at 1276. In assessing the duty to disclose, the *Daugherty* court did specifically point out that the

[3] Following the hearing, plaintiffs submitted *Williams* in support of their opposition to the motion. Williams involved claims under the CLRA, UCL and FAL against Gerber that Gerber's "Fruit Juice Snacks" were deceptively marketed based upon statements on the packaging, *inter alia*, that the snacks were made with real fruit juice. The court concludes that *Williams*, in which the Ninth Circuit reversed the district court's grant of Gerber's motion to dismiss the CLRA, UCL and FAL claims, is distinguishable from the present case. In *Williams*, Gerber had made concrete, affirmative representations on the packaging. Here, by contrast, plaintiffs base their claims on the provision of a warranty and assertions about what a reasonable consumer would expect regarding the performance of a computer past the expiration of the warranty period.

product defect was not alleged to be a safety concern. *Daugherty*, 144 Cal. App. 4th at 836. Similarly, the court in *Falk v. General Motors Corp* found it significant to materiality that a defective speedometer could lead to traveling at unsafe speeds. 496 F. Supp. 2d at 1096.

Although *Falk* and *Daugherty* cited safety concerns for determining materiality of the defect, safety concerns are not the only reason a defect may be considered material. For example, in *Stickrath v. Globalstar, Inc.* the court found that a failure to disclose information about defects in its satellite telephone service would have been material had the plaintiffs alleged that they would have behaved differently if the information had been disclosed. 2007 U.S. Dist. LEXIS 73763 at *15 (N.D. Cal. 2007) (Henderson, J). Although the court ultimately dismissed the claim, it seems clear that safety concerns were not the sole reason a defect in the satellite telephone service would have been material. The court concludes that while a product defect that results in a safety hazard is one way a duty to disclose might arise, defendant's duty to disclose is not necessarily limited to product defects that result in safety hazards.

Accordingly, plaintiffs do not have to allege a product defect arising to the level of creating a safety hazard to establish a material defect. Plaintiffs must, however, allege more than a simple failure for the product to meet their economic expectations. Defendant contends that where a failure is alleged to occur outside the warranty period, as a matter of law a reasonable consumer could not expect more. Thus, according to defendant, the defect is not material. The *Daugherty* court held that, in the absence of consumers having reasonable expectations about the product, a reasonable consumer could only have expected the product to function properly for the length of the warranty. *Daugherty*, 144 Cal. App. 4th at 838. Similarly, the court in *Long v. Hewlett Packard* recently held as a matter of law that "a consumer's only reasonable expectation was that the [computers] would function properly for the duration of the manufacturer's limited one year warranty." 2007 WL 2994812 *8 (N.D. Cal. Jul. 27, 2007) (Ware, J.). Likewise, the court in *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008) (Patel, J.), held that a computer buyer had no claim under the CLRA or California's unfair competition law where the seller failed to disclose that there was a defect in the heating system that might shorten the life of a computer that had otherwise functioned as warranted through the express warranty period. Defendant cites *Seely v. White Motor*

*Co.*, in which the California Supreme Court stated that "a consumer can fairly be charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will." 63 Cal. 2d 9, 18 (1965). Finally, in *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238 (2d Cir. 1986), the Second Circuit stated:

> Virtually all product failures discovered in products after expiration of the warranty can be attributed to a "latent defect" that existed at the time of sale or during the term of the warranty. All parts will wear out sooner or later and thus have a limited effective life. Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. . . A rule that would make failure of a party actionable based on such knowledge would render meaningless time/mileage limitations on warranty coverage.

*Id.* at 250.

Here, plaintiffs have alleged that the GRZ and GRV computers have a common and uniform defect in the solder joints of the SODIMM sockets that makes the computers prone to premature failure. Am. Compl. ¶ 30. The defect allegedly manifests as unexpected computer shutdowns, failure for the computer to boot, the computer being unable to access its memory, and eventual total system failure. *Id.* This is not a situation where a product defect creates a safety hazard. Instead, this is a case where the alleged defect manifests outside of the express warranty period.

The court finds that the facts alleged here are not sufficiently material to give rise to a duty to disclose. The computers at issue had an express warranty, and there was no contrary or additional representation by the defendant about the life span of the product. Plaintiffs' alleged that they expected their computers to last longer than they did, but plaintiffs' individual beliefs as to the time period varied and did not establish a reasonable basis for their subjective beliefs. *Id.* ¶¶ 11-14. Also, materiality is judged by reference to a "reasonable consumer" and not with reference to the particular plaintiffs in question. Both the *Daugherty* court and the *Bardin* court held that there was no duty to disclose alleged product defects where the defects manifested outside the express warranty period and did not constitute a safety hazard, as the defect at issue in the instant action. *Daugherty*, 144 Cal. App. 4th at 834; *Bardin*, 136 Cal. App. 4th at 1276. There are no facts alleged to establish that this is anything other than a failure for the product to meet plaintiffs' subjective expectations. Under *Seely* plaintiffs are charged with the risk that the computers would not match

United States District Court
For the Northern District of California



EXHIBIT A PAGE 9

their subjective expectations.[4] Based on the facts as alleged, the court concludes that there was no duty to disclose the alleged defects.

### 3. Conclusion With Respect to The CLRA Claim

On May 5, 2008, plaintiffs filed a minute order in a case proceeding in the Superior Court of California, County of San Diego, *Hapner v. Sony Electronics*, Case No. GIC939244. In that minute order, the court concluded that Sony had failed to rebut plaintiff's evidence that Sony had concealed facts that rendered Sony's representations in "advertising and internal promotional materials" that the product was of high quality and would not overheat untrue in light of the CLRA's proscription against "representing that goods . . . are of a particular standard . . . if they are of another." *Id.* The Superior Court appears to have based its decision, at least in part, on an alleged representation that the computer "would not overheat." To the extent *Hapner* can be read to say that Sony had a duty to disclose absent an affirmative representation, it appears inconsistent with the reasoning in *Bardin*, *Daugherty*, *Long*, *Oestreicher* and *Seeley*.

For the above reasons, the court finds that plaintiffs' claims fail to alleged that the defendant had a duty to disclose the alleged defect. Since the court finds that the facts do not establish a duty for the defendant to disclose the alleged defect, the court does not need to consider whether the allegations are pled with particularity under Rule 9(b). Accordingly, the court grants defendant's motion to dismiss plaintiffs' CLRA claim.

### C. Plaintiffs' Claim of Violation of California Bus. & Prof. Code §§ 17200, 17500

Plaintiffs' second claim for relief is for violations of California Business and Professional Code ("UCL") §§ 17200 and 17500. Plaintiffs allege that defendant committed an unlawful business act under § 17200 by violating the CLRA, and an unfair and fraudulent business act under § 17200 by concealing and failing to disclose the defect to consumers. Plaintiffs allege that defendant

---

[4] After the hearing, plaintiffs submitted an order in the *Stickrath v. Globalstar* action that was issued with regard to Globalstar's motion to dismiss the first amended complaint in that case (as set forth above, the court had previously dismissed plaintiff's claims). In this subsequent order, Judge Henderson concluded that plaintiffs had sufficiently alleged active concealment "– although just barely." *Id.*, 2008 U.S. Dist. LEXIS 12190 at *10 (N.D. Cal. 2008) (Henderson, J.). The court finds this case factually distinguishable since *Stickrath* dealt with a service, specifically satellite phone services, while this action deals with manufactured products. *See Oestreicher*, 544 F. Supp. 2d at 971.



EXHIBIT A PAGE 10

disseminated unfair, deceptive, untrue and/or misleading advertising in violation of §§ 17200, 17500 *et seq.* "The UCL prohibits acts or practices which are fraudulent, unlawful or unfair." California has a three-part test for determining whether or not conduct is unfair within the meaning of UCL: "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Camacho v. Automobile Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403, 1405 (2006).

Because the court dismisses plaintiffs' CLRA claim, the court also dismisses the UCL claim to the extent it is based on the violation of the CLRA. The court thus turns to plaintiffs' claim that defendant has committed an unfair business act.

Defendant contends that plaintiffs' claim that it has committed an unfair business act fails because the consumer injury is not substantial and that the claim is precluded by the holdings in *Bardin* and *Daugherty*. In *Daugherty* the court held that the injury to consumers from the defendant failing to disclose a defect was not substantial, stating that "a failure to disclose a defect that might, or might not, shorten the effective life span of an automobile part that functions as warranted throughout the period of its express warranty cannot be characterized as substantial." *Daugherty*, 144 Cal. App. 4th at 838. The *Bardin* court found that the injury to consumers from defendant's failure to disclose a that a manifold was made from less durable materials that the industry standard was not substantial, stating that the use of less durable materials did not violate public policy, was not contrary to any express representations by the defendant, did not cause personal injury or safety concerns, and did not violate any warranty. *Bardin*, 136 Cal. App. 4th at 1265.

Plaintiffs point out that small consumer claims which are worth limited amounts of money regularly form the basis of § 17200 claims.[5] Opp'n at 18. Here, as set forth above, plaintiffs have alleged that the defect makes it "substantially likely" that the computer will fail within its useful life. Am. Compl. ¶ 39. When the computer fails plaintiffs are allegedly obliged to repair the computer at significant expense to themselves. Am. Compl. ¶ 63.

---

[5] Plaintiffs cite *Anunziato v. eMachines, Inc.*, 402 F.Supp. 2d 1133, 139 (C.D. Cal. 2005), where the court held that a plaintiff had an actionable claim due to purchasing a defective computer. The court in *Anunziato* was not deciding whether or not the injury was substantial, but just assumed it was.

The court finds that there is no substantial injury to consumers within the UCL. Like the products at issue in *Daugherty*, here the notebooks functioned as warranted throughout the period of the express warranty. A failure to disclose a defect that might or might not shorten the life span of a notebook that functions as warranted throughout the period of its express warranty is not a substantial injury under the UCL. Also, as in *Bardin*, the failure to disclose the alleged defect did not violate any public policy, was not contrary to any express representations by the defendant, did not cause personal injury or safety concerns, and did not violate any warranty. Accordingly, the court finds that no substantial injury has been alleged and grants defendant's motion to dismiss plaintiffs' UCL claims.

**D. Plaintiff's Claim of Fraudulent Concealment**

Plaintiffs third claim for relief is fraudulent concealment. As detailed above, plaintiffs fail to establish that defendant had a duty to disclose the defect to consumers. As such, the plaintiffs fail to establish fraudulent concealment. Defendant's motion to dismiss plaintiffs' claim of fraudulent concealment is granted.

**E. Plaintiffs' Claim of Unjust Enrichment**

California courts are split on whether unjust enrichment can exist as a separate claim. *Compare Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) (quoting *Lauriedale Assocs. Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.")) *with Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (1996) (holding that a plaintiff may state a claim for unjust enrichment where his claim seeks restitution and other remedies are inadequate). Assuming that a claim for unjust enrichment can be asserted as a separate cause of action in California, the facts alleged here do not establish a claim for unjust enrichment. As set forth above, the allegations do not establish that the defendant had a duty to disclose the alleged defect to consumers and also do not set forth a substantial injury to consumers. Since the allegations do not support actionable conduct on the part of the defendant, the defendant has not been unjustly enriched. Accordingly, the court grants defendant's motion to dismiss the claim of unjust enrichment.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Henry John Gutierrez hjgutierrez@lchb.com
Jonathan David Selbin jselbin@lchb.com

**Counsel for Defendants:**

Carter Winford Ott carter.ott@dlapiper.com
Luanne R. Sacks luanne.sacks@dlapiper.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/2/08

/s/ MAG
**Chambers of Judge Whyte**

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
NOAH A. KATSELL (Bar No. 217090)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendant
SONY ELECTRONICS INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO. 08-CV-1179-DMS-BLM<br><br>**PROOF OF SERVICE** |

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297. On July 21, 2008, I served the within documents:

**SEE ATTACHED LIST OF DOCUMENTS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☒ by transmitting via e-filing the document(s) listed above to the Electronic Case filing system.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Houman Fakhimi, Esq.
FAKHIMI & ASSOCIATES
3 Hutton Centre Drive, Suite 620
Santa Ana, CA 92707
Tel: 714-542-2188
Fax: 714-542-3119

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 21, 2008, at San Diego, California.

Joyce S. Graham

**DOCUMENTS SERVED**

NOTICE OF MOTION AND MOTION TO DISMISS

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

DECLARATION OF DEAN RICHMOND ISO MOTION TO DISMISS

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

NOTICE OF LODGMENT ISO MOTION TO DISMISS